JOSEPH M. PRAY et al., Executors, etc., Appellants, *v.* JOSEPH HEGEMAN, Executor and Trustee, etc., et al., Respondents.

The provisions of the Revised Statutes (1 R. S. 726, § 37 ; id. 773, § 3), authorizing an accumulation of the income of real and personal property for the benefit of minors, require that the accumulation shall be for the benefit of a minor solely and during his minority, and that, when the period of accumulation ceases, the accumulated funds shall be released from further restraint and paid over to the person for whose benefit the accumulation is directed.

A direction for accumulation during a minority, accompanied with a gift of the income of the accumulated fund after the expiration of the minority, to the minor for life, and of the principal, upon his death, to other persons, is void. (1 R. S. 726, § 38.)

The will of M. gave his residuary estate to his executors, to be divided into shares as specified, a share to be held in trust during the life of each child of the testator who should survive him. After authorizing an expenditure of an amount, not exceeding a sum specified, out of the rents and profits of the share of each child for its support and education, the will directed that " the balance of such income shall from time to time be added to the share or sub-share from which the same proceeded, and accumulated as principal until he or she arrives at the age of twenty-one years, after which period the whole of such income shall be paid over, quarter-yearly, to such child. *Held,* it was the intention of the testator that during the minority of each child the surplus income of his or her share should be capitalized and thereafter the beneficiary should be entitled only to the income during life on the original share as augmented by the accumulations, and upon the death of the child the share, together with the accumulations, should go to the remaindermen as provided ; that the direction for accumulation was void, and so was to be regarded as stricken out of the will, thus leaving to each child a gift of a life estate in the share held for him

or her, which would carry all the accruing income ; and it appearing that the surplus income of the share of A., a son of the testator, had accumulated during his minority, *held*, that the accumulation belonged to him and could be reached by a judgment creditor of his in an action brought for that purpose.

Also *held*, that the same result would be reached if the right to the accumulated fund was to be governed by the provision of the statute (1 R. S. 726, § 40), providing that where, in consequence of a valid limitation of an expectant estate, there is a suspense of the power of alienation or ownership, during which the rents and profits are undisposed of, they "shall belong to the persons presumptively entitled to the next eventual estate ;" that the provision of the will might be treated as creating an equitable expectant life interest or estate in the son after his arrival at majority, and so constituting the "next eventual estate" within the meaning of the statute.

*Meserole* v. *Meserole* (1 Hun, 66), *Barbour* v. *De Forest* (28 id. 615), overruled.

*Pray* v. *Hegeman* [Mem.] (27 Hun, 603), reversed.

(Argued April 26, 1883; decided June 5, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the second judicial department, entered upon an order made September 12, 1882, which affirmed a judgment in favor of defendants, entered upon a decision of the court on trial at Special Term. (Mem. of decision below, 27 Hun, 603.)

This action was in the nature of a creditor's bill. It was originally brought by John Dikeman, the judgment creditor, against Austin D. Moore, Jr., the judgment debtor, and Joseph Hegeman, as executor and trustee under the will of Austin D. Moore, Sr., its object being to reach a fund in the hands of Hegeman as such executor and trustee, which plaintiff claimed belonged to the judgment debtor, the original plaintiff and Moore having died during the pendency of the action, the executors of the former and those claiming the fund in question, on the death of the latter, were substituted as parties.

The will of Austin D. Moore, Sr., by the fourth clause thereof, gave his residuary estate to his executors in trust, a share to be held for each of his three children who should survive him, for the life of such child, and after providing for the disposition of each share upon the death of the child for

whom it was held in trust, which provisions were considered and their validity determined in the case of *Moore* v. *Hegeman* (72 N. Y. 376). The will contained the following as subdivision six of said fourth clause:

"6. When, by any of the foregoing provisions, property is held in trust for any of my children, such property shall be under the exclusive management and control of my executors, who shall receive the rents, issues and profits of the real estate, and collect the income of the personal estate; which rents, issues, profits and income of the share or sub-shares held in trust for each child shall be disposed of as follows: While such child remains under eighteen years of age, such an annual sum as his or her guardians shall think necessary, not, however, to exceed $700, shall be applied to his or her education and support; and while such child remains between the ages of eighteen and twenty-one years, such an annual sum as his or her guardian shall deem necessary, not exceeding $1,000, shall be applied to his or her education and support; and the balance of such income shall, from time to time, be added to the share or sub-share from which the same proceeded and accumulated as principal until he or she arrives at the age of twenty-one years; after which period the whole of such income shall be paid over, quarter-yearly, to such child; such income of my daughters to be paid to them, to their sole and separate use, free from all authority and control of their husbands."

Acting under this provision Hegeman, as executor and trustee, accumulated from income of the share of said Austin D. Moore, Jr., one of the children referred to in the will, during his minority, a sum of over $27,000. This amount, plaintiff claimed, belonged to the said son when he became of age, and the action was brought to reach and apply it in payment of plaintiff's judgments. Defendants claimed that the accumulations became part of the principal, and that the son was only entitled to the income upon the whole fund during life. Further facts appear in the opinion.

*I. T. Marean* for appellants. Upon a true construction of

the will the accumulations were payable to Austin D. Moore, Jr., upon his attaining his majority. (Evans' Statutes, 245; 40 Geo. 3, chap. 98; R. S., Creation and Division of Estates, §§ 37, 38, 39, 40 ; R. S., Accumulations of Personal Property, §§ 3, 4, 5 ; R. S., Uses and Trusts, § 55 ; *Forsyth* v. *Rathbone,* 34 Barb. 401, 403–404; *Bolton* v. *Jacks,* ·6 Robt. 229, 230 ; *Manice* v. *Manice,* 43 N. Y. 377 ; *Vail* v. *Vail,* 4 Paige, 317 ; *Stagg* v. *Jackson,* 2 Barb. Ch. 95, 96.) Every direction for accumulation for the benefit in whole or in part of any person other than the infant whose minority defines the period of accumulation, and who is presumptively entitled to the next eventual estate is void. "For the benefit of" means "for the sole benefit of." (*Vail* v. *Vail,* 4 Paige, 331; *Hawley* v. *James,* 16 Wend. 62, 64, 65, 116, 117, 162, 210 ; *Harris* v. *Clark,* 7 N. Y. 242 ; *Boynton* v. *Hoyt,* 1 Denio, 53 ; *Lang* v. *Ropke,* 5 Sandf. 371 ; *Kilpatrick* v. *Johnson,* 15 N. Y. 325, 326; *Manice* v. *Manice,* 43 id. 377; *Whitehouse* v. *Whitehouse,* opinion by GILBERT, J. ; *Barbour* v. *De Forest,* Daily Reg., May 27, 1881 ; *Matter of Healy,* per LIVINGSTON, surrogate ; *Riggs* v. *Cragg,* 89 N. Y. 486–7.) If the direction for accumulation is void then the income as received was immediately payable to Austin D. Moore, Jr., who was presumptively entitled to the next eventual estate in the share from which it proceeded, and the plaintiffs were entitled to the relief demanded. The rule is the same as to both personal and real estate. (R. S., Creation and Division of Estates, § 40 ; R. S., Accumulations of Personal Property, § 2 ; *Manice* v. *Manice,* 43 N. Y. 385 ; *Bolton* v. *Jacks,* 6 Robt. 230; *Haxton* v. *Corse,* 2 Barb. Ch. 518 ; *Lang* v. *Ropke,* 5 Sandf. 371 ; *Kilpatrick* v. *Johnson,* 15 N. Y. 326; *Robinson* v. *Robinson,* 5 Lans. 167, 168.) The person presumptively entitled to the next eventual estate in the present case is the person presumptively entitled to the income from and after the period of accumulation. (*Manice* v. *Manice,* 43 N. Y. 385.)

*William C. De Witt* for respondents. The will did not give the surplus income accumulated to Austin D. Moore, but incor-

porated it permanently with the principal of the trust fund. (*Vail* v. *Vail*, 4 Paige, 330.) The statute would exclude the provision for accumulation in this case. (*Baucus* v. *Stover*, 89 N. Y. 7.) Courts have upheld a gift of the income already accumulated, in the event of the minor's death, as a lawful limitation upon the minor's property in the accumulations. (*Manice* v. *Manice*, 43 N. Y. 377; *Hetzel* v. *Barber*, 69 id. 8; *Willetts* v. *Titus*, 14 Hun, 556; *Boulton* v. *Jacks*, 6 Robt. 229; *Vail* v. *Vail*, 4 Paige, 317; *Meserole* v. *Meserole*, 1 Hun, 66, 72.)

ANDREWS, J. The explicit language of the fourth clause of the will leaves no doubt that it was the intention of the testator that during the minority of his children, the surplus income of their several shares should be capitalized, and that thereafter they should be entitled only to the income on the original share, as augmented by the accumulations, and that upon the death of any child, the whole of the original share of the one so dying, together with the accumulations, should go to his or her issue, or in default of issue, as otherwise provided in the will. The sixth subdivision of that clause, after directing that a specified annual sum out of the income should be applied to the support and education of each child during minority, further directs that the balance of such income shall be added to the several shares, and accumulated as principal, until he or she arrives at the age of twenty-one years, "after which period the whole of such income shall be paid over quarter yearly to such child." The accumulations are to constitute a part of the principal of the shares from which they arise, and there is not only an absence of any direction that they should be separated therefrom and paid over to the respective children on reaching their majority, but such intention is excluded by the direction that thereafter the whole income should be paid to them in periodical payments. No other payments are provided for, and the direction manifestly contemplates that the payments are to be made from income accruing during the quarter-yearly periods preceding the time of payment.

It becomes necessary, therefore, to consider the principal question in the case, viz.: Whether a direction for the accumulation of the income of real and personal estate during a minority, accompanied with a disposition of the accumulated fund by giving the income arising therefrom, after the expiration of the minority, to the minor for life, and the principal on his death, to his issue, or over to other persons, is valid. The determination of this question depends upon the construction of the statute defining when an accumulation of the rents and profits of real estate, or the income of personal property, may be lawfully directed. (1 R. S. 726, §§ 37, 38; id. 773, § 3.)

By the thirty-seventh section, above cited, an accumulation of the rents and profits of land for the benefit of one or more persons, may be directed by will or deed for the benefit of minors in being when the accumulation commences, and to terminate with their minority, subject to the proviso in the second subdivision of the section, that when the accumulation is directed to commence at any time subsequent, to the creation of the estate, it shall commence within the time permitted by the statute for the vesting of future estates. By the thirty-eighth section all directions for the accumulation of the rents and profits of real estate, except as allowed by the thirty-seventh section, are declared to be void. Under the will in question, the accumulation was to commence on the creation of the estate, that is, on the death of the testator. If the accumulation directed by the testator was for the benefit of his minor children, within the statute, the direction was valid. If it was not a direction for accumulation for their benefit according to the true meaning of section thirty-seven, it was void by the express terms of section thirty-eight.

The statute regulating the accumulation of the income of personal property, is substantially the same as that relating to the accumulation of the rents and profits of land, and need not be more particularly referred to. (1 R. S. 773, § 3.) If the accumulation directed in this case is valid or void as to one species of property, it is valid or void as to the other.

It is manifest that the infant son of the testator would derive a benefit from the accumulation directed by the will, for it would enlarge the fund to the income of which he would be entitled after his majority. It is equally plain that the accumulation would not be for his sole benefit, because on his death the remaindermen would be entitled to both the capital of the original share, and the accumulations. In determining the question whether the partial benefit resulting to the minor from the accumulation is an accumulation for his benefit within the statute, it is important to consider the law on the subject of accumulations, antecedent to the Revised Statutes, and the change effected thereby. It was the settled law in England, prior to the statute 39 and 40 George III (Chap. 98), that accumulations of the rents and profits of land, or the income of personal property, could be lawfully directed for the same period allowed for the suspension of the power of alienation, viz., lives in being, and twenty-one years thereafter. (*Thellusson* v. *Woodford*, 11 Ves. 112.) This case led to the enactment of that statute which restricted accumulations of the income of real and personal estate by will or deed, (1) to the life of the grantor or settler, or (2) the term of twenty-one years from the death of such grantor, devisor, etc., or (3) during the minority of any person or persons living or in *ventre sa mere* at the death of any such grantor, devisor, etc., or (4) during the minority or respective minorities only of any person or persons who, under the instrument directing such accumulation, would, for the time being, if of full age, be entitled to the rents, profits, interest, dividends or annual produce so directed to be accumulated.

The revisers, as they declare (5 Edm. Stat. 572), intended by section thirty-seven to limit the power of accumulation to one of the four cases specified in the statute of George III, viz., "during the minority of any person who, under the deed or will directing the accumulation, would then, if of full age, be entitled to such rents and profits." Under the English statute, in the first three cases specified, an accumulation was authorized for the benefit of adults as well as of minors. The age or non-age of

the beneficiary had nothing to do with the lawfulness of the accumulation. It was only necessary that the period of accumulation should be measured by life or lives of the grantor or settlers, or by minorities, or by an absolute term, not exceeding twenty-one years. If the real intention of the revisers was embodied in the thirty-seventh section, it is quite plain that it was the general purpose to permit an accumulation of the estate of minors, that is, of persons who, except for their infancy, would, under the deed or will, be entitled to the rents and profits directed to be accumulated. The statute does not permit an accumulation of the rents and profits of land, or the income of personal property for the benefit of adults for any period of time, however short. The general policy of our law favors the greatest freedom of alienation of property consistent with the necessities of families, and the making of reasonable provision for the various contingencies which may be expected to arise, requiring the postponement of the vesting of estates, and the suspense of the power of alienating the *corpus* of property is permitted only within narrow limits. But the right to direct the accumulation of the fruits and profits of property is much more restricted than the right to control the property itself. It is permitted only in a single case and for a single purpose, viz., during minority, and for the benefit of the minor during whose minority the accumulation is directed. The main purpose of the thirty-seventh section of the statute was not to limit the term of accumulation previously permitted. The legislature intended to uproot the doctrine that the rents and profits of property might be accumulated and the enjoyment postponed, with a single exception. This was accomplished by sections thirty-seven and thirty-eight. The exception in section thirty-seven must be construed in view of the general policy of the legislature, and the particular policy upon which the exception proceeded.

There can be no reasonable doubt that the object of the legislature in creating the exception to the general rule was to provide for a case not within the reason of the rule, that is, the case of minors who, during the period when the judgment

is immature, or their necessities are limited, do not require and might not be safely entrusted with a large income. In that case the legislature authorized it to be retained and accumulated until their majority, for their benefit. Section thirty-seven enables a grantor or testator to direct an accumulation of rents and profits in cases where a court of equity, independently of the statute, in the exercise of its inherent jurisdiction over the persons and estates of minors, might direct such accumulation, although we do not intend to say that the section may not cover cases not strictly within the principle governing this equitable jurisdiction. The proper construction of the provision in section thirty-seven, that the accumulation must be for the benefit of the minors, requires, we think, that when the period of accumulation ceases, the accumulated fund shall then be released from further restraint and paid over to the person for whose benefit the accumulation was authorized. The thirty-ninth section strengthens this construction. It treats rents and profits, authorized to be accumulated under section thirty-seven, as the property of the minor, the enjoyment of which has been postponed. It authorizes the chancellor, in case the minor is destitute of other means of support and education, to direct a suitable sum out of the rents and profits to be applied to his maintenance and education.

The argument that the words of the statute are satisfied by a limitation to the minor of the use of the accumulated fund, after his majority, for life, with remainder over, or, in other words, that it is not necessary that the accumulation should be for the sole benefit of the minor, if allowed to prevail would introduce great uncertainty and confusion. Under that construction the benefit of the infant might be the mere pretext and not the real reason for accumulation. The answer made is that a mere nominal benefit to the minor would be an evasion of the statute, and would so be held. But the difficulty with this view is that there is no principle by which to determine whether the limitation is evasive or not. The principle which would sustain a limitation of the use of the accumulated fund to the minor after majority, for life, as

an accumulation for his benefit, would sustain such a limitation for a term of years only. The accumulation in either case might be almost wholly for the benefit of the remainderman, depending upon the duration of the life of the person to whom the use was given after majority, or the term of years upon which the use was limited. It would be an equally uncertain rule to make the validity of the direction for accumulation depend on the consideration whether the minor's benefit was the primary object of the limitation, and the benefit of the remainderman only incidental and secondary. We are satisfied that the policy and language of the statute require, in order to sustain a direction for accumulation under section thirty-seven that the accumulation must be for the sole benefit of the minor, and that this can only be true where the accumulated fund is given over to him absolutely when the period of accumulation ceases.

This precise question does not seem to have been finally determined, but the result we have reached is sustained by cases involving the construction of section thirty-seven. In *Hawley* v. *James* (5 Paige, 318), the trust term under the will there in question was to continue until the youngest child or grandchild of the testator, living at his death, attaining the age of twenty-one years, should attain that age. Meanwhile, as the court construed the will, the surplus rents, profits and income of the real and personal estate were to be accumulated, and to constitute a part of the estate, to be divided at the termination of the trust, and on the division, each of the respective beneficiaries were to take a life estate in his or her share, with power of appointment by will, and in default of appointment, the share was to go as in the will provided. It will be seen that the precise question we have considered was involved in the limitation for life of the shares in the capital and accumulations of the estate on the division. The learned reporter states in the syllabus of the case, as one of the propositions decided, that to render a trust for an accumulation of the rents and profits or income of an estate valid, the accumulation must be for the sole benefit of an infant, and must be

payable to him, absolutely, if he survive his majority. The chancellor, in his opinion, referring to the direction for accumulation, after stating that the testator probably acted upon the erroneous supposition that the accumulation was valid if one or more infants, in being were to be benefited thereby, and without reference to the beneficial interests they would take in the accumulated fund, said that if such a construction should be put on the statute, the accumulation of an estate for twenty years could always be secured by selecting several infants upon whose minorities a trust term should be limited, and giving them mere nominal limited interests in the accumulated fund. The chancellor then proceeds : " The only way to prevent this is to give that construction to the statute, which, from the notes of the revisers, it is evident, they intended should be given to the language employed to convey the meaning of the legislature. That is, to allow an accumulation of the rents and profits only in those cases where the accumulated fund is for the sole benefit of one or more minors, if they live until they are of age, who are in existence at the time the accumulation is directed to commence, and who will continue such minors, if they live, until the accumulation ceases." We do not find in the opinion of the chancellor a statement, in precise terms, of the proposition contained in the head-note of the reporter to which we have referred. The trust for accumulation in the will, there considered, was subject to several objections. Some of the beneficiaries were adults when the accumulation was to commence, and others might reach their majority before the period prescribed for the accumulation, would expire, and the same feature of a gift of a use only to the beneficiaries after the accumulation should cease with a gift over on their death was in that will as in this. But the principle of construction stated by the chancellor, sustains the view we have taken of the statute. The Court of Errors reversed the decree of the chancellor so far as it sustained, in part, the validity of the trust term, but all the judges, who gave opinions, concurred with the chancellor in holding the trust for accumulation void. (*Hawley* v. *James*, 16 Wend. 114, 147,

183.) In *Boynton* v. *Hoyt* (1 Denio, 54) it was held that a trust for the accumulation of rents and profits of land for the benefit of a testator's wife and minor children was void, the court saying: "Such a trust must be for the benefit of minors only." In *Kilpatrick* v. *Johnson* (15 N. Y. 326) it was held that a direction for accumulation for the benefit of minors and adults was unauthorized and void, although it was contingent merely, *i. e.*, where it was uncertain whether, after applying the current income as directed, there would be any surplus to accumulate. In *Manice* v. *Manice* (43 N. Y. 303) it was held that a direction for accumulation could not be lawfully made for the benefit of minors to whom a contingent interest only, in the estate, was given by the will. (See, also, *Lang* v. *Ropke*, 5 Sandf. 363, and *Vail* v. *Vail*, 4 Paige, 331.)

A direction for accumulation similar to that in this case was sustained by the general term of the first Department in *Meserole* v. *Meserole* (1 Hun, 66), and that case has been followed by the same general term in *Barbour* v. *De Forest* (28 id. 615) by a divided court. The opposite construction seems to have been reached by other courts, in cases referred to on the argument, not reported. The question is an important one, and may well give rise to diverse opinions, but, we think, upon reason and the general course of authority, the direction for accumulation, in this case, must be held to be unlawful.

The direction for accumulation being void, but the income having been, in fact, accumulated during the minority of Austin D. Moore, Jr., to the amount of $27,000, the question arises as to the persons entitled to the accumulated fund. We are of opinion that the rents and profits, illegally directed to be accumulated, belonged to Austin D. Moore, Jr., from whose share in the estate of the testator they were derived. The direction for accumulation being void, it must be treated as stricken out of the will. (*Williams* v. *Williams*, 8 N. Y. 538.) There then remains a plain devise of an equitable life estate to Austin D. Moore, Jr., in the share given to him, which would carry all the accruing rents and profits. The same result would follow if the right to the accumulated fund is governed

by the fortieth section of the statute. (1 Rev. St. 726, § 40.) The testator directs that during minority a certain fixed sum shall be applied out of the rents, profits and income of the share of the son, for his education and maintenance, and on his majority he gives the whole income to the son for life. This may be treated as creating an equitable expectant life interest or estate in the son, in the share devised to his use, from and after his arrival at majority, and as constituting the next eventual estate within the fortieth section, in the property out of which the income arises. It can scarcely be doubted that this disposition of the rents and profits would accord more nearly than any other with the wish of the testator if he had contemplated that the direction for accumulation could not be supported.

The final question raised, is as to the estoppel of the former judgment in the suit of *Moore* v. *Hegeman*. We think the facts are too imperfectly presented, to enable us to pass upon this question. Neither the pleadings nor judgment in that suit, are set out in the case. The only information in respect to that action of which we can take notice, is contained in the twenty-first finding of the court. By that finding it appears that the action was brought by Austin D. Moore, Jr., in his life-time, against the defendant Hegeman, in his individual capacity, and not otherwise, for a conversion of his share, under the will of his father, and the accumulations. What issues were presented by the pleadings, or upon what issues the parties went to trial, do not appear. It is stated that it was adjudged that the trusts in the will of Austin D. Moore, Sr., were valid, but whether the question here involved was considered, or could under the pleadings have been considered, we have no information. Upon a new trial the facts bearing upon the alleged estoppel of the former judgment, may be more fully presented, and we think that no opinion in respect thereto should now be expressed.

The conclusion is that the judgment of the Special and General Terms should be reversed, and a new trial ordered.

All concur.

Judgment reversed.