(34 Misc. Rep. 376.)

### OLCOTT v. OSSOWSKI et al.

(Supreme Court, Special Term, New York County. March, 1901.)

1. WILLS—DEMONSTRATIVE LEGACY.
   A legacy of $9,000, "which are invested as follows," a list of the securities being set forth, is not specific, where the securities exceed in value the $9,000, and the surplus passes as undistributed property, where no other provisions of the will control.

2. SAME—RESIDUARY BEQUEST.
   A bequest of an annuity to a brother, payable from the income of certain corporate shares to the extent of $600, until "he will be fifty years old," after that time the whole capital to be given to his daughter, or, in case of her death, to the brother and his wife, in the absence of a residuary clause would entitle the daughter to the surplus income of the shares.

Action by Frederica P. Olcott, executrix, against Felix Ossowski and others, for the construction of a will. Decree rendered.

Butler, Notman, Joline & Mynderse, for plaintiff.
Montgomery Hare, for defendants Uppenkamp.
John R. Abney, for defendants Anna M. Ossowski and Felix Ossowski.
Percy Jackson, for defendant Franz Ossowski.
Lewis L. Delafield, for defendant Anna B. Ossowski.

BISCHOFF, J. The legacy to the defendant Maria Uppenkamp is thus framed: "I give nine thousand dollars to Maria Uppenkamp, * * * which are invested as follows,"—a list of securities being then set forth; and, the value of the securities now being greater than $9,000, a judicial construction is sought. I find no room for doubt, under the authorities, that this legacy is to be construed as demonstrative, not specific (Crawford v. McCarthy, 159 N. Y. 518, 519, 54 N. E. 277; Giddings v. Seward, 16 N. Y. 365); and the excess of the value of the securities described over the amount of the legacy must be disposed of under some other provision of the will or upon the theory of intestacy. It thus becomes necessary to examine the instrument with a view to the discovery of some residuary provision which would cover the excess of this legacy, but, while mindful of the rule which calls for a construction against intestacy in cases of doubtful testamentary provisions, I cannot find reasonable ground for holding that the disposal of this excess can fall within the will.

The only residuary clause is as follows: "The rest of my property, my silver tea set, table silver, toilet silver, jewelry, dresses, etc., is to be sent to the children of Dr. August Uppenkamp;" and this clause is subject to the provisions of the following codicil:

"Whereas, by my said will I have bequeathed my silver tea set, table silver, toilet silver, jewelry, dresses, etc., to the children of Dr. August Up-

penkamp: Now, I hereby revoke said bequest, and I do hereby devise and bequeath all of my movable property and personal effects of every kind and description, such as silverware, toilet silver, jewelry, wearing apparel, and all other goods and chattels, not consisting of investments, unto my friend Mary Ellen Hoyt, wife of Thomas E. Hoyt, of North Long Branch, N. J., her heirs and assigns, forever."

This codicil operated to revoke the residuary bequest, unless by the words, "the rest of my property," as contained in that bequest, the testatrix intended to refer to property other than the "silver tea set," and other chattels specified immediately thereafter, but if the words, "the rest of my property," were intended to be comprehensive, the specific mention of the silver, jewelry, dresses, etc., was wholly unnecessary. In my view, the intention was to limit the bequest to the personal belongings, which were instanced by the description, and the codicil materially aids this construction. The codicil recites the bequest as contained in the will, the recital being: "Whereas, I have bequeathed my silver tea set, table silver, toilet silver, jewelry, dresses," etc.; and then proceeds to revoke the bequest, giving all movable and personal property, "not consisting of investments," to a different legatee. The intention to revoke the bequest, as made, is so apparent that it would do violence to the plain meaning of words to treat this residuary clause in the will as still operative. The testatrix evidently omitted the recital of the words, "the rest of my property," when revoking the bequest, simply because those words added nothing, and her understanding of what she had originally bequeathed is made clear by the explicit description of the subject of the bequest contained in the provision whereby she changed the legatee. The codicil disposes of the residue of all personal property, not consisting of investments, and I must construe the residuary clause of the will as having had no broader scope and as revoked in toto. Therefore the surplus of the bequest to Maria Uppenkamp is to be distributed as upon intestacy.

The remaining question involves the construction of the following bequest:

"I give to my brother Felix Ossowski * * * an annuity per annum, payable quarterly, of the income of my fifty shares in the Standard Oil Company. * * * The sum my brother Felix is to get per annum amounts to $600, until he will be fifty years old; after that time (in 1904) the whole capital of the Standard Oil shares mentioned is to be given to his daughter, Anna Bertha, or, in case of her death, to himself and his wife," etc.

The income from the stock referred to being in excess of $600, and there being no room for dispute, as I view the case, that the annuity is absolutely limited to that sum, the question of the disposition of the surplus income depends in a measure upon the nature of the bequest of the stock itself.

It has been suggested that this legacy of the shares is void, in that the power of alienation is suspended for a period not measured by lives; the contention being that the suspension is to endure until the year 1904, absolutely. This I do not take to be the reasonable interpretation of the words used. Felix is to be paid the annuity until he reaches the age of 50, and the date is noted, obviously, for better certainty as to the time when he would reach that age. His death

before that time would bring the intervening estate to a close; for there is no possibility of an intention to keep the annuity alive for any purpose thereafter, and, in this aspect, the suspension of alienation is in fact to endure for a period no greater than that measured by a life.

The bequest of the shares being valid, and there being no residuary clause in the will, the surplus income properly belongs to the defendant Anna Bertha Ossowski, as the owner of the "next eventual estate," if the gift of the shares be construed as creating a contingent estate (Pray v. Hegeman, 92 N. Y. 508; Laws 1896, c. 547, § 53; Laws 1897, c. 417, § 2); and, on the theory of a present vested estate in the principal, the same result would follow, for the increase, except as otherwise disposed of by the will, would belong to the person in whom the ownership of the property itself was thus vested through a specific bequest. Isenhart v. Brown, 2 Edw. Ch. 341, 347; Murphy v. Marcellus, 1 Dem. Sur. 288.

Form of decision and judgment may be submitted accordingly. Affidavits on the question of the amount of an additional allowance to the plaintiff are desired. Costs to all parties, but without allowances to defendants, except to guardian ad litem, payable out of funds belonging to the infant. An affidavit should be furnished showing the amount thus applicable to an allowance to the guardian and the services performed. Ordered accordingly.