came his duty to account for and hand over the funds in his possession, after deduction of his proper charges and disbursements as such guardian, to the administrator of the ward. If the proceeds of this insurance policy belonged to the estate of the ward, they did not become payable until a period subsequent to the death of the ward, and Frederick J. Wolfe as guardian could have no action or proceeding to recover the same from the company during the period of his office; and whatever he did subsequently to the death of the ward he did, not as guardian, but individually, and his sureties cannot be held upon this accounting for any acts which the guardian did, acting outside the scope of his authority as guardian.

[3] It follows that, if any recovery is to be had from Frederick J. Wolfe for the moneys received by him upon this policy, it must be by way of an action by the administrator against said Frederick J. Wolfe in some other court than this.

It follows that the guardian should not be charged upon this accounting with the amount of insurance moneys received as aforesaid.

Let findings and a decree to that effect be submitted.

Decreed accordingly.

---

(76 Misc. Rep. 103.)

## In re MAY.

(Surrogate's Court, Kings County.   March, 1912.)

TRUSTS (§ 273*)—CONSTRUCTION—INCOME—TRUST FUND.

Where testator created a trust fund for the care of his daughter, the income to be paid to her during her minority as the trustee may deem proper, and on the daughter's reaching majority the entire income is thereafter to be paid to the daughter quarterly, the daughter, arriving at majority, is entitled to the income which accrued during her minority and had not been applied.

[Ed. Note.—For other cases, see Trusts, Cent. Dig. § 386; Dec. Dig. § 273.*]

In the matter of the judicial settlement of the account of Emma May, executrix.   Decree rendered.

Grim & Brainerd, for executrix and trustee.

Hedley V. Cooke, for Grace Martin Branham.

Harold E. Lippincott, for administratrix of Franklin R. Swazey.

James A. Blanchfield, special guardian, for Josephine Branham, Doris M. Brooke and Willard L. May.

KETCHAM, S.   The will under which accounting is made created a trust under which the trustee was directed to expend from the income "such sums as she may think proper and judicious for the care, maintenance and education" of the daughter of the testatrix during her minority, "or during so much thereof as she shall be and remain under the care and in the custody and control" of the said executrix and trustee.   This provision was qualified as follows:

"But if, for any reason, my said daughter shall not, during any part of her minority, be or remain under the care and in the custody or control of my

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

said executrix and trustee, then for the period of such absence ·therefrom, I direct that no payment be made by my executrix and trustee for the care, maintenance and education of my daughter in any way, until she shall have reached the age of eighteen years, after which event and until she shall reach the age of twenty-one years, my executrix and trustee is hereby directed to expend, from the income of my estate, a sum not exceeding ten dollars per week for the care, maintenance and education of my said daughter. * * *

"Upon the arrival of my said daughter at the age of twenty-one years, I direct my said executrix and trustee to render to her an account of all my estate both real and personal as the same shall then exist, and thereafter at stated intervals, and at least every three months, during the life of my said daughter, to pay over to her the entire income of my estate * * * to be held and enjoyed by my said daughter as her own property."

The daughter came of age on May 5, 1911, and the question now arises as to the disposition of income upon the trust accrued during her minority and not applied.

The daughter is entitled to the accrued income. If the will be regarded as containing an implied direction for accumulation during her minority for her benefit, upon attaining majority, the income is hers by virtue of the will. If no valid direction for accumulation can be found in the will, the same result will follow under the authority of Pray v. Hegeman, 92 N. Y. 508.

The only element in the case cited which differs from the case at bar is that in that case there was an attempted provision for accumulation which was held to be void, while here, at present, it is assumed that there was no direction whatever for an accumulation. In that case the provision of the will, in its application to several children, was in part as follows:

"While such child remains under eighteen years of age, such an annual sum as his or her guardians shall think necessary, not, however, to exceed $700, shall be applied to his or her education and support; and while such child remains between the ages of eighteen and twenty-one years, such an annual sum as his or her guardian shall deem necessary, not exceeding $1,000, shall be applied to his or her education and support."

The will there further provided that, after arrival at the age of 21 years, by any one of the testator's children, the whole of the income of the share held in trust should be paid over quarter-yearly to such child. The Court of Appeals said:

"The testator directs that during minority a certain fixed sum shall be applied out of the rents, profits, and income of the share of the son, for his education and maintenance, and on his majority he gives the whole income to the son for life. This may be treated as creating an equitable expectant life interest or estate in the son, in the share devised to his use, from and after his arrival at majority, and as constituting the next eventual estate within the fortieth section (now Real Property Law [Consol. Laws 1909, c. 50] § 63), in the property out of which the income arises."

Upon this language, in view of the peculiar parallel between these two cases, it cannot be doubted that, whether under a valid direction for accumulation, or in the absence thereof, the income remaining in the trust at the time when the daughter attained majority was payable to her; and a direction to this effect should be embodied in the decree.

Decreed accordingly.