In the Matter of the Judicial Settlement of the Account of
ENOCH G. MEGRUE, as Executor, etc., of JOSEPH R. MEGRUE,
Deceased.

ENOCH G. MEGRUE, as Trustee under the Last Will and Testa-
ment of JOSEPH R. MEGRUE, Deceased, Appellant; MINNIE
MEGRUE, Petititner, Respondent.

(*Supreme Court, Appellate Division, First Dept., December 3, 1915.*)

WILL—TRUST FOR LIFE WITH REMAINDER OVER—DIRECTION THAT STOCK DIVI-
DENDS BE UNLAWFULLY ACCUMULATED—WHEN STOCK DIVIDENDS REPRE-
SENTING INCOME GO TO LIFE BENEFICIARY—DISPOSITION OF DIVIDENDS
REPRESENTING CAPITAL.

Where a will placed specific stock in trust, income to the testator's
wife for life, at her death the shares to go to his son absolutely, and a
codicil provided that if the corporation made stock dividends or in-
creased its capitalization the dividends and increase should be held upon
the same trust for the benefit of the wife for life with the remainder
over, the direction for the accumulation of the stock dividend was void.
Where the corporation, while making no dividend, divided among its
stockholders shares held by it in subsidiary companies, such shares
became part of the capital of the trust.

But where the subsidiary companies declared stock dividends, the half
thereof representing net earnings of the company after the testator's
death must be considered as income arising from the trust fund and
should be paid to the testator's wife as income, it being impossible to
add the same to the capital, as the direction for the accumulation of
income was void.

As by the will the testator's widow was expressly given the whole of
the income of the stock for life, said stock dividends should not be
awarded to the remainderman as the person presumptively entitled to
the next eventual estate, for such disposition will be made only where a
will contains no other direction as to the disposition of income.

Such part of the stock dividend as represented capital rather than
income was lawfully added to the corpus of the trust under the codicil,
the same being inoperative only as to income.

APPEAL by Enoch G. Megrue, as trustee, from an order and
decree of the Surrogate's Court of the county of New York in

favor of the petitioner, entered in the office of said Surrogate's Court on the 18th day of October, 1915.

Treadwell Cleveland, for the appellant.

John M. Gardner, for the respondent.

Scott, J.— Enoch G. Megrue, who died October 8, 1910, left a will and a codicil. So far as involved in this appeal the 3d paragraph of his will reads as follows: " *Third*. I give and bequeath to my Executor and Trustee hereinafter named One hundred shares of the capital stock of the Standard Oil Company of New Jersey upon the following trust, to wit: to pay the net income of same to my wife Minnie Megrue, for and during the term of her natural life. After the death of my said wife, I give and bequeath the said One hundred shares of the capital stock of the Standard Oil Company of New Jersey, to my son, Enoch Gest Megrue, for his own use and benefit forever."

His codicil, so far as involved here, reads as follows: " Should the Standard Oil Company of New Jersey, make a stock dividend or increase its capitalization then and in that event, I give and bequeath to my said Executor and Trustee upon the trusts created by the Third paragraph of my last Will and Testament for the benefit of my wife, Minnie Megrue, such increase as may arise from the One Hundred shares of the capital stock of the Standard Oil Company of New Jersey heretofore bequeathed to him, to be held by him as part of the principal of such trust, such increase, if any, shall follow the original shares as finally disposed of."

Thus it will be seen that he created a trust in his wife's favor in 100 shares of Standard Oil stock and provided that any stock dividend should be added to the principal.

There was no stock dividend by the Standard Oil Company, but in consequence of the government suit against it, the com-

pany divided the shares which it held in subsidiary companies among its stockholders.

It is agreed that these shares became a part of the capital of the trust. Two of these subsidiary companies have declared stock dividends. As to these dividends the parties stipulate as follows: " Since December, 1911, two of the said subsidiary companies have increased their capitalization by the declaration of stock dividends, the number of shares which have been received therefrom by the said Enoch G. Megrue, trustee, being South Penn Oil Company, seven 614,819/983,383 shares, and Galena Signal Oil Company, two 728,734/983,383 shares, and the said Minnie Megrue claims and Enoch G. Megrue, trustee, admits, that each of such stock dividends represent net earnings of said respective companies since October 8, 1910, to the extent of one-half of such stock dividends."

The question is, Who is entitled to that proportion of the stock dividends declared by the two subsidiary companies which represented earnings since October 8, 1910, the date of testator's death ?

It was held in Matter of Osborne (209 N. Y. 450) that where a stock dividend reprsented in part the capital of the corporation or profits realized before the death of the testator, that part belonged to capital, but so much as represented profits or earnings after the death of the testator represented income and should go to the *cestui que trust.*

The stock dividends in question here, being one-half of the stock dividends declared as above stated, are, therefore, to be considered as income arising out of the trust fund, and not as capital. It is agreed by all parties that in so far as the codicil directs an accumulation of the income, it is invalid and inoperative. (Pers. Prop. Law [Consol. Laws, chap. 41; Laws of 1909, chap. 45], § 16.)

The result of the will and codicil read together is that the appellant is entitled to all the income of the trust fund, except

those stock dividends, which are to be added to the principal.
It follows that so much of the stock dividends as cannot be
lawfully added to the principal and thus accumulated remain
subject to the direction as to the payment of income as orig-
inally provided in the will.   In other words, the widow is enti-
tled to receive all the income, except such as may be lawfully
accumulated.   A precisely similar question was considered in
Pray v. Hegeman (92 N. Y. 508), except that in that case the
income directed to be accumulated would be in the form of
money instead of stock.   The court held that the income ille-
gally directed to be accumulated should be paid to the *cestui
que trust* for life, the court saying: " The directoin for accu-
mulation being void, but the income having been, in fact,
accumulated during the minority of Austin D. Moore, Jr., to
the amount of $27,000, the question arises as to the persons
entitled to the accumulated fund.   We are of opinion that the
rents and profits illegally directed to be accumulated, belonged
to Austin D. Moore, Jr., from whose share in the estate of the
testator they were derived.   The direction for accumulation
being void, it must be treated as stricken out of the will.
(Williams v. Williams, 8 N. Y. 538.)   There then remains a
plain devise of an equitable life estate to Austin D. Moore, Jr.,
in the share given to him, which would carry all the accruing
rents and profits."

To the same effect is Matter of Hoyt (116 App. Div. 217;
affd., 189 N. Y. 511).   In that case it was said: " The direc-
tion to accumulate in this will can be stricken out and there then
still remains a valid disposition of the rents and profits.   The
testator gave the fund to the trustees to collect the income from
each and every part of it.   He clothed his trustees with power
to apply the entire income to the use of his daughter.   He also
clothed them with power, in their discretion, if they did not
think she needed all of the income, to accumulate it, and if they
did so, he gave it to the remaindermen.   The authority, as we

have seen, to accumulate is void, but the authority to pay the entire income to the daughter is nevertheless valid and enforcible. If this be true, then the daughter was entitled to the entire income, and whatever had accrued at the time she died passed to her representatives. This conclusion, it seems to me, necessarily follows from the rule laid down in Pray v. Hegeman (92 N. Y. 508) and Barbour v. De Forest (95 id. 13)."

The appellant, who is the remainderman, claims that the stock in question should be awarded to him as the person presumptively entitled to the next eventual estate. Such a disposition, however, is to be made only when the will contains no other direction as to the disposition of the income. This distinction is well illustrated by the authorities cited by the respondent in support of her contention. In United States Trust Co. v. Soher (178 N. Y. 442) the will gave to the *cestuis que trust* specific and definite sums as income. The fund produced more income than was required to pay these annuities and the question was what disposition should be made of the income. It could not lawfully be accumulated, nor could it be paid to the *cestuis que trust*, for if it had been they would receive larger incomes than was provided for them. It was under these circumstances that it was held that the surplus income should be paid to the presumptive owner of the next eventual estate. So, also, in St. John v. Andrews Institute (191 N. Y. 279) the testator set apart a fund for the benefit of a charitable corporation to be created after his death. There was some delay in the incorporation of the charity, and the question considered was as to the disposition of income which accrued between the death of the testator and the incorporation of the charity. That clearly was undisposed of and was held to belong to the presumptive owner of the next eventual estate. No such case is presented here. By the will the widow was given the whole income, and she is entitled to receive all of it which the testator did not validly provide should be otherwise

disposed of.    The codicil was valid as to capital and invalid
and wholly inoperative as to income, and the disposition of so
much of the stock dividends as represent income was not
affected thereby.

The decree appealed from must be affirmed, with costs.

INGRAHAM, P. J., LAUGHLIN, CLARKE and SMITH, JJ.,
concurred.

Decree affirmed, with costs.