Matter of the Estate of CLEMENT J. TROWBRIDGE, Deceased.

(Surrogate's Court, New York County, November, 1921.)

Wills — construction of — trusts — unlawful accumulation of income — Personal Property Law, § 16 — person presumptively entitled to the next eventual estate — powers of substituted trustees — commissions of trustees — Surrogate's Court Act, § 285.

Where testator bequeathed his entire estate in trust, and excepting $3,000 a year which he directed to be applied for the use of his sister, the net income to the amount of a certain sum, "but no more," was to be applied to the use of his daughter during her life, a further direction that the remainder of said income be applied to the use of the daughter for life, "accumulating for her benefit during her minority, and adding to the principal of the said trust fund so much of said sum as may not be required for her suitable education and support, in addition to the" former bequest to her, is void, as such accumulation of income would be unlawful under section 16 of the Personal Property Law.

The daughter and not her issue is the person presumptively entitled to the next eventual estate, and the contention that her infant children are entitled to all excess income after necessary provision is made for her is untenable.

Where since the daughter became of age she acquiesced in the conduct of the trustees and was content to permit them to

Surrogate's Court, New York County, November, 1921.   [Vol. 117.

handle the funds of the estate and await their accounting without any judicial interpretation of the will, the trustees are entitled to commissions upon the investments of income accumulated during the daughter's minority.

The enumerated powers relating to investments conferred by the will upon the original trustees may be exercised by substituted trustees.

PROCEEDING for the construction of a will.

John F. Couch, special guardian, for infant.

Seacard, Ritchie & Young (George W. Schurman and Albert Ritchie, of counsel), for Henrietta O. Littleton.

Geller, Rolston & Blanc, for substituted trustees.

COHALAN, S.   There are three questions for the court's determination in this proceeding.

1. The construction of subdivisions I and III of the first clause of the will.

2. Whether the accountants are entitled to commissions upon the securities listed in Schedules A1 and A2 of the account.

3. Whether the substituted trustees may exercise the powers conferred upon the original trustees by the 6th clause of the will.

1. The first question involves an alleged unlawful accumulation of income.   The 1st clause of the will provides that in case the testator's only child survives him all his property is bequeathed to two persons named, in trust: "1. To apply the net income thereof, to the amount of ten thousand dollars ($10,000) per annum, but no more, to the use of my said daughter during her life."

Misc.]    Surrogate's Court, New York County, November, 1921.

Subdivision II is a direction to trustees to apply $3,000 per annum to the use of testator's sister.

Subdivision III is as follows:

" III. To apply the remainder of the said net income to the use of my said daughter, Henrietta Olive Trowbridge, during her life, accumulating, for her benefit, during her minority, and adding to the principal of the said trust fund so much of the said sum as may not be required for her suitable education and support, in addition to the sum of Ten thousand dollars ($10,000) annually, as aforesaid."

There is no doubt that an unlàwful accumulation is directed in the above subdivision and that such a direction is void. (Pers. Prop. Law, § 16; *Pray* v. *Hegeman,* 92 N. Y. 508; *Matter of Megrue,* 170 App. Div. 653.) The special guardian argues that the infant children of the life beneficiary, as the persons presumptively entitled to the next eventual estate, are entitled to all excess income after necessary provision has been made for the daughter. He argues that the words " but no more " in the first subdivision of the first paragraph indicates such an intention. This contention is untenable. The daughter was bequeathed all the income except the sum of $3,000 per annum for the sister. The illegal accumulation was for the daughter's benefit. With this direction stricken from the will there remains the bequest to the daughter of all income, except the small amount provided for the sister during her lifetime. This bequest to the daughter would carry with it all accumulated income. The above cases make it plain that the daughter and not her issue is the person presumptively entitled to the next eventual estate.

2. Questions of commissions do not ordinarily arise until settlement of the decree. Here, however, the account shows that the trustees have taken commis-

Surrogate's Court, New York County, November, 1921. [Vol. 117.

sions which the life tenant claims should not have been deducted. All parties interested have dealt with the whole question of commissions in the memoranda submitted and request is made for the disposition of this issue now in the event of a finding that there was an unlawful accumulation.

The daughter claims that the substituted trustees are not entitled to commissions upon the investments of the income accumulated during her minority in accordance with the terms of the will or upon the investments representing the income earned and accumulated since she attained her majority in June, 1904. These investments were turned over to the substituted trustees by the executor of the former trustee. The substituted trustees have already delivered these last mentioned securities to the daughter as the life beneficiary under the trust. The daughter contends that a " wrong " was committed against her by the act of the former trustee in withholding the income that has accumulated since her majority in 1904, and the sums earned by said accumulated income, and resists the claim to any commissions thereon. All income from accumulated income was turned over to her by the present trustees in December, 1919. The trustees continue to hold the securities in which was invested the income that had accumulated during the daughter's minority. When Mrs. Littleton, the daughter, demanded of the accountants that they deliver to her all of the property constituting investments of income accumulated during her majority the trustees took the position that they were " unable to determine the justice and validity of said claim of Henrietta Olive Trowbridge Littleton and are advised by counsel and therefore allege that they cannot without the aid of the court safely determine the said claim and that said claim can only be properly determined by the court

Misc.]    Surrogate's Court, New York County, November, 1921.

in a proceeding brought for a construction of the said will.''

The questions at issue are very similar to those passed upon by me in *Matter of Ziegler,* N. Y. L. J. June 14, 1917. It was there held that '' * * * the executors and trustees were justified in withholding the fund until the court determined the question in dispute. The trustees were not merely entitled to such judicial determination for their own protection, but it was their duty to hold the fund until a competent authority determined the doubtful question relating to the disposition of the accumulated income. * * * In an estate of this size, with threatening litigation confronting the executors and trustees, with the usual delays due to the death of some of the parties and from other causes, it seems to me that the executors and trustees acted in good faith and that they are entitled to commissions upon the income from investments from the fund thus properly and in good faith withheld. No case has been found precisely in point, but it seems to me that the executors and trustees come within the provisions of the statute (Sec. 2753, Code of Civil Procedure [now Sec. 285, Surrogate's Court Act]) and that they are entitled to compensation in the usual manner, unless they have been guilty of bad faith or have pursued a course of conduct from which it can be inferred that their prime object in withholding the fund was to increase their compensation. Upon the facts and circumstances herein I believe the executors and trustees are entitled to the usual commissions on the income from the investments of the accumulated net income of the estate to which William Ziegler, Jr., was found to be entitled as of July 21, 1912.''

At any time since 1904 the daughter could have applied for a construction of the will or could have sought an order directing the trustees to turn over the

property.  Apparently she has acquiesced in the con-
duct of the trustees and was content to permit them to
handle the funds and await their accounting without
any judicial interpretation of the will.  They have been
permitted to do the work and to assume the responsi-
bility of administering the funds.  I am of the opinion
that they are entitled to the commissions claimed.

3.  The will conferred upon the original trustees the
following powers relating to investments:

" Sixth.  I direct that my said executors and trus-
tees shall have full power and authority, in their dis-
cretion, to keep the property vested in them in the
same manner as I may leave it at my decease, or to sell
or to change the whole or any part thereof and to
invest the proceeds thereof on first mortgages on real
estate in any part of the United States, to an amount
not exceeding two-thirds of the estimated value, or in
any government, state, county or city bonds, or in rail-
road bonds, secured by first mortgages or first con-
solidated mortgages or mortgages prior to lien to first
consolidated mortgages, or in shares of stock in cor-
porations, provided that such stock does not involve
the holder in personal liability greater than now im-
posed by the general railroad law of the State of
New York, and to sell and buy such bonds and stock
from time to time at their discretion, but for cash and
not upon margin, investing, disposing of investments
and reinvesting at their discretion in the said securi-
ties as well as in any others that are now permitted by
law to Trustees, provided, however, that no more than
the sum of One hundred thousand dollars ($100,000)
shall be invested in any one security and not more
than one-half the amount of the whole investments
shall consist of securities other than those now per-
mitted by law and mortgage bonds of railroad com-
panies as aforesaid."

Misc.]    Surrogate's Court, New York County, November, 1921.

There is no doubt that the above enumerated powers may be exercised by the substituted trustees. The question is fully covered in *Matter of Jenkins,* 111 Misc. Rep. 517.

Decreed accordingly.