RICHARD A. SMITH and Others, as Trustees, etc., Respondents, *v.* ROSALIE C. CAMPBELL, Appellant, EMELINE F. PARSONS and Others, Respondents.

*Trust — accumulation of income — it vests absolutely in the minor beneficiary — its disposition where the minor dies under age.*

Where personal property is bequeathed, in trust, to apply so much of the income as may be necessary to the support of a *cestui que trust* during life, and to accumulate during the minority of such *cestui que trust* so much of the income as shall not be necessary for his support, to be added to the principal fund, with a remainder over, the accumulation vests in the minor and, when he reaches his majority, he is entitled to it, and if he dies during his minority, it becomes part of his estate.

A testator died, leaving a widow and two minor daughters, his only heirs at law and next of kin. His will authorized his executors to divide one equal half of his estate into as many equal shares as he should leave children; to invest each share and to apply the income, or so much thereof as should be necessary, to the use of the child for whom such share was intended, and to accumulate the remainder of the income until such child attained the age of twenty-one years or sooner died, and upon such child attaining the age of twenty-one years, to pay over all accumulations of income to her, and thereafter to apply the income of such share to her use during the remainder of her natural life, and upon her death before or after her attaining the age of twenty-one years to transfer such share to her children, and in the case of her death leaving no issue, to transfer such share to the testator's then surviving issue.

One of testator's daughters died before attaining the age of twenty-one years, considerable income having accumulated upon her share of her father's estate during her lifetime.

*Held*, that the income which had accumulated vested in her absolutely as it accumulated, and constituted part of her estate.

Query, as to whether a testator who establishes two independent trusts for two minors, and directs the surplus income arising from each trust to be accumulated during the minority of the *cestui que trust*, can lawfully provide that in case of the death of either while both are minors, the survivor shall take the accumulations.

APPEAL by the defendant, Rosalie Coe Campbell, from portions of an interlocutory judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 1st day of June, 1893, upon the decision of the court after a trial at the New York Special Term.

February 2, 1884, Richard L. Campbell died, leaving a widow, Emeline F. Campbell, and two minor daughters, Martha Campbell and Rosalie C. Campbell, his only heirs and next of kin. He also left three sisters, Letitia S. Sands, Mary Smith and Martha H. Campbell, who are still living.

June 1, 1889, the widow and Herbert Parsons intermarried, and she is now Emeline. F. Parsons. November 28, 1889, Martha Campbell died, a minor, unmarried and intestate, leaving her mother and sister her only heirs and next of kin. January 5, 1892, Emeline F. Parsons was duly appointed administratrix of the estate of said Martha Campbell. When this action was begun (January 25, 1892) Rosalie C. Campbell was under the age of fourteen years, and when she will become of age did not appear.

Said Richard L. Campbell left a will, which was duly proved March 1, 1884, by which he directed his executors to convert his entire estate into money, one-half of which they were to invest and pay over the income thereof to his widow during her life, and, upon her death, the remainder to his issue, if any, and if none, to his sisters. The other half of his estate he disposed of as follows :

" *Third.* I authorize and empower my executors to divide the other one equal half part or share of my estate into as many equal shares as I may leave children me surviving, and to invest and reinvest each share, and to collect and receive the interest and income of each share and apply the same, or so much thereof as they may deem necessary, to the use of the child for whom said share is intended, and to accumulate the remainder of said income until such child shall attain the age of twenty-one years or sooner die, and upon such child attaining the age of twenty-one years, to pay over all accumulations of income to such child, and thereafter to apply the income and interest of such share to the use of such child during the remainder of his or her natural life, and upon the death of such child, before or after his or her attaining the age of twenty-one years, to assign, transfer and set over such share to the children,

if any, of such child, the issue of a deceased child to take the share the parent would have taken, if living, and in case of the death of any child of mine, leaving no issue him or her surviving, to assign, transfer and set over the share intended for such child, to my then surviving issue by representation and not *per capita*, and in case of the death of any child of mine, leaving no issue of mine, him or her surviving, to assign, transfer and set over such share to my sisters, Letitia S. Sands, Mary Smith and Martha H. Campbell, equally, share and share alike, the issue of any one of them who may have died before such child of mine to take by representation and not *per capita*, the share the parent would have taken if living."

The executors divided the half of the estate disposed of by the third clause into two equal shares and invested one for the benefit of Martha Campbell, and the other for the benefit of Rosalie C. Campbell. During the life of Martha considerable income accumulated from her share. In this action, brought for the construction of the will, it was held at Special Term that the accumulations belonged to the administratrix of the estate of Martha and not to her sister. From this judgment Rosalie C. Campbell has appealed.

*Stephen P. Nash,* for the appellant.

*John A. Beall,* for the respondents.

Follett, J. :

The sole question involved in this case is, whether the income which accumulated on Martha's share prior to her death goes with the principal to her sister, Rosalie C. Campbell, or to the administratrix of Martha's estate, to be equally divided between herself and Rosalie C. Campbell.

It is provided by sections 3 and 4 of title 4 of chapter 4 of part 2 of the Revised Statutes, that all directions for the accumulations of the income of personal property shall be void unless such accumulation is for the benefit of one or more minors. It is urged in behalf of the appellant that in case two separate trusts are created by a testator, each for the benefit of an infant, that the income from each trust may be accumulated during the minority of the *cestui qui trust* for whose benefit it was primarily created, and in the case of the death of either infant, the trust estate set apart for him and the

accumulations thereon may be bequeathed to the other infant. Such a construction of the statute would produce results which, we think, were not contemplated by its authors. Suppose the younger of the infants should die just after the elder reached his majority, to whom would the accumulated income go? Not to the adult *cestui qui trust*, for that would be in violation of the statute. The accumulated income would not go to the next of kin of the deceased infant, unless it vested as it accrued, and the accumulation would have to be held to be unbequeathed assets of the testator, which certainly would defeat the intention of most testators.

Did the testator intend that the accumulated income of Martha's share should become part of the trust estate, and go to those entitled to it after her death? Clearly not in case she reached the age of twenty-one years, in which event all the accumulations were to be paid over to her. It is evident that the testator did not intend that the accumulated income from Martha's share should be added to and become a part of the sum to be held in trust for her during her minority, but intended that it should be kept separate, so that it could be paid over to her when she arrived at full age. It is urged that the accumulated income vested in Martha, subject to be divested in case she died before reaching twenty-one. We find no language in the will indicative of such a purpose.

The testator evidently intended to dispose of his entire estate, and we cannot believe he intended, in case the younger daughter should die during her minority without issue, but after the elder had become of age, or that in case both should die without issue before becoming twenty-one, that the accumulated income should be assets of his estate and undisposed of by his will.

We think the testator intended that the income which accumulated on Martha's share should vest in her absolutely as it accumulated, and be paid over to her in case she became twenty-one years of age, but did not intend, in case of her death without issue before reaching that age, that it should be divested for the benefit of those who should be entitled to the remainder of the principal sum, for it might well be that the persons entitled to the principal could not take the accumulations.

In case personal property is bequeathed in trust with direction to apply so much of the income as may be necessary to support a

*cestui que trust* during life, with a direction to accumulate during the minority of the *cestui que trust* so much of the income as should not be necessary for the support of the beneficiary, to be added to the principal fund with a remainder over, the title to the accumulations vests in the minor, and, when he reaches his majority, he is entitled to the accumulations, and if he die during his minority, they become part of his estate. (*Pray* v. *Hegeman*, 92 N. Y. 508; *Barbour* v. *De Forest*, 95 id. 13.)

In the first case cited the testator directed the surplus income accruing during the minority of the *cestui que trust* to be added to the trust fund and the income of the whole to be paid to the *cestui que trust* for life, and after his death the whole estate was bequeathed to others.

In an action brought by a creditor of the *cestui que trust* after he had become of age, it was held that the direction to accumulate was void and that the accumulations belonged to the *cestui que trust* and could be reached by his creditors. The direction to accumulate was held void because the accumulations were not solely for the benefit of the infant.

In the second case the testator devised and bequeathed property in trust, directing that so much of the income therefrom as should be necessary for the support of the *cestui que trust* during her minority should be so applied and the remainder added to the principal, and after her majority she should receive the income from the funds so augmented during life, and at her death the trust fund should be divided among her children, if any, but if she had none, among other persons.

In an action brought by the *cestui que trust* during her minority for the construction of the will, it was held that the direction to accumulate was void, and that the accumulation vested in the *cestui que trust*, and that she was entitled to the whole income.

Whether a testator who establishes two independent trusts for two minors and directs the surplus income arising from each trust to be accumulated during the minority of the *cestui que trust*, can lawfully provide that in case of the death of either while both are minors that the survivor shall take the accumulations, was not decided in the cases cited, nor in any case that has come to our notice, nor need we decide that question, for we think this testator

did not intend such a result, and besides the trust fund with the added accumulations (assuming it was to be augmented by the accumulations) would not necessarily go to an infant, but might to an adult sister or to adult aunts.

In *Harris* v. *Clark* (7 N. Y. 242, 257, 258) it was held that the accumulation must be for the exclusive benefit of a minor, and that if it may be for the benefit of an adult the direction to accumulate is void.

In *Ward* v. *Mitcham* (92 N. Y. 375) the direction was to invest a fund and accumulate the income until a minor granddaughter of the testator became of age, and then pay the fund and its accumulations to her, and in case she died before becoming twenty-one the fund and its accumulations were to be paid to her issue, if she left any, but if she left none the fund and its accumulations were to be paid " to her then living brother and sisters." The granddaughter died, a minor, without issue, leaving a brother and two sisters of the whole blood, and two half-sisters who were strangers to the blood of the testator. The question debated and decided in that case was, whether the word " sister " included half-sisters, who were strangers to the blood of the testator, or included only sisters of the whole blood. The validity of the direction to accumulate was not considered. The question in the case at bar was involved in the case but was not raised.

In *Goebel* v. *Wolf* (113 N. Y. 405) the testator left a widow and four minor children, and directed by his will that his executors should invest one-half of the net rents from certain realty and the net profits of a business in bond and mortgage for the benefit of his minor children, which was to be kept invested until the youngest became of age, and then to be divided equally among them, provided his widow was then dead, but if she was not, then the trust property and the accumulations were to remain undivided until her death. The widow remarried and one of the children died under age, without issue. In an action brought by the executor for a construction of the will, it was held that the accumulations vested in the infants as they accrued, and that the heirs at law and next of kin of the deceased infant became entitled to one-fourth of the trust and to one-fourth of the accumulations.

The position that the title to accumulations arising from personalty

held in trust vests at once in a minor or minors under the statute, and cannot be the subject of a valid remainder, finds some support in the 5th section of the title relating to accumulation of personal property, which authorizes the Supreme Court to " cause à suitable sum to be taken from the moneys accumulated, or directed to be accumulated, and to be applied to the support or education of such minor."

It is assumed in this section that accumulations vest in the minor.

The judgment should be affirmed, with costs payable out of the accumulations, in favor of Emeline F. Parsons, and in favor of the appellant.

VAN BRUNT, P. J., and PARKER, J., concurred.

Judgment affirmed, with costs payable out of the accumulations, in favor of Emeline F. Parsons, and in favor of the appellant.