## In re MEGRUE.

(Supreme Court, Appellate Division, First Department.   December 3, 1915.)

1. **WILLS** ☞684—**TRUST IN CORPORATE STOCK—CAPITAL AND INCOME—STOCK DIVIDENDS.**

Where testator created a life income trust in his wife's favor in 100 shares of corporate stock, providing that any stock dividend should be added to the principal and that upon the death of the wife the stock should go to a son, the corporation not declaring any stock dividend, but dividing shares which it held in subsidiary companies among its stockholders, and two of the subsidiary companies declared stock dividends, representing net earnings since the death of the testator to the extent of one-half of the dividends, such half of the stock dividends of the subsidiary companies was to be considered as income arising from the trust fund, and not as capital, since, where a stock dividend represents in part the capital of the corporation, or profits realized before the death of the testator, such part goes to capital, but that part representing profits or earnings after the death of the testator goes to income.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 1614–1628; Dec. Dig. ☞684.]

2. **WILLS** ☞854—**CONSTRUCTION—ILLEGAL DIRECTION FOR ACCUMULATION—ELIMINATION.**

Testator's will bequeathed corporate stock in trust to pay the net income to his wife for life, with remainder to his son. A codicil thereto provided that, should the company make a stock dividend, testator bequeathed in trust such increase of the originally bequeathed stock to be held by the trustee as part of the principal of the trust, and to follow the original shares as finally disposed of to the son. Such codicil was void in part, under Consol. Laws, c. 41, § 16, regulating the validity of directions for the accumulation of the income of personalty. *Held*, that the result of the will and codicil, read together, after elimination of the illegal accumulation feature of the latter, was to entitle the widow to all income of the trust fund, except such part of stock dividends declared subsequent to testator's death, as represented earnings prior to the death.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2170; Dec. Dig. ☞854.]

3. **WILLS** ☞854—**CONSTRUCTION—ILLEGAL ACCUMULATION OF INCOME.**

Where the will creating a trust in corporate stock gave testator's widow the income for life, with remainder to his son, and a codicil provided that stock dividends should be added to the principal, an illegal accumulation, the son was not entitled to the full amount of stock dividends as the person presumptively entitled to the next eventual estate, since such a disposition will be made only when the will contains no other direction as to the disposition of the income illegally directed to be accumulated.

[Ed. Note.—For other cases, see Wills, Cent. Dig. § 2170; Dec. Dig. ☞854.]

Appeal from Surrogate's Court, New York County.

In the matter of the judicial settlement of the account of Enoch G. Megrue, as executor.   From a decree of the surrogate relative to the distribution of the income of a trust fund, entered on petition of Minnie Megrue, life tenant of the income, Enoch Gest Megrue, the remainderman, appeals.   Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, CLARKE, SCOTT, and SMITH, JJ.

Treadwell Cleveland, of New York City, for appellant.
John M. Gardner, of New York City, for respondent.

SCOTT, J. [1] Enoch G. Megrue who died October 8, 1910, left a will and a codicil. So far as involved in this appeal, the third paragraph of his will reads as follows:

"Third. I give and bequeath to my executor and trustee hereinafter named one hundred shares of the capital stock of the Standard Oil Company of New Jersey upon the following trust, to wit: To pay the net income of the same to my wife, Minnie Megrue, for and during the term of her natural life. After the death of my said wife, I give and bequeath the said one hundred shares of the capital stock of the Standard Oil Company of New Jersey, to my son, Enoch Gest Megrue, for his own use and benefit forever."

His codicil, so far as involved here, reads as follows:

"Should the Standard Oil Company of New Jersey make a stock dividend or increase its capitalization then and in that event, I give and bequeath to my said executor and trustee upon the trusts created by the third paragraph of my last will and testament for the benefit of my wife, Minnie Megrue, such increase as may arise from the one hundred shares of the capital stock of the Standard Oil Company of New Jersey heretofore bequeathed to him, to be held by him as part of the principal of such trust, such increase, if any, shall follow the original shares as finally disposed of."

Thus it will be seen that he created a trust in his wife's favor in 100 shares of Standard Oil stock and provided that any stock dividend should be added to the principal. There was no stock dividend by the Standard Oil Company, but in consequence of the government suit against it the company divided the shares which it held in subsidiary companies among its stockholders.

It is agreed that these shares became a part of the capital of the trust. Two of these subsidiary companies have declared stock dividends. As to these dividends the parties stipulate as follows:

"Since December, 1911, two of the subsidiary companies have increased their capitalization by the declaration of stock dividends, the number of shares which have been received therefrom by the said Enoch G. Megrue, trustee, being South Penn Oil Company, seven 614, 819/983,383 shares, and Galena Signal Oil Company, two 728, 734/938,383 shares, and the said Minnie Megrue claims, and Enoch G. Megrue, admits, that each of such stock dividends represent net earnings of said respective companies since October 8, 1910, to the extent of one-half of such stock dividends."

The question is: Who is entitled to that proportion of the stock dividends declared by the two subsidiary companies which represented earnings since October 8, 1910, the date of testator's death? It was held in Matter of Osborne, 209 N. Y. 450, 103 N. E. 723, 823, 50 L. R. A. (N. S.) 510, Ann. Cas. 1915A, 298, that where a stock dividend represented in part the capital of the corporation or profits realized before the death of the testator, that part belonged to capital, but so much as represented profits or earnings after the death of the testator represented income, and should go to the cestui que trust. The stock dividends in question here, being one-half of the stock dividends declared as above stated, are therefore to be considered as income arising out of the trust fund, and not as capital. It is agreed by all

parties that, in so far as the codicil directs an accumulation of the income, it is invalid and inoperative. Laws 1909, c. 45 (Consol. Laws, c. 41) § 16.

[2] The result of the will and codicil read together is that the widow is entitled to all the income of the trust fund, except those stock dividends which are to be added to the principal. It follows that so much of the stock dividends as cannot be lawfully added to the principal and thus accumulated remain subject to the direction as to the payment of income as originally provided in the will. In other words, the widow is entitled to receive all the income, except such as may be lawfully accumulated. A precisely similar question was considered in Pray v. Hegeman, 92 N. Y. 508, except that in that case the income directed to be accumulated would be in the form of money, instead of stock. The court held that the income illegally directed to be accumulated should be paid to the cestui que trust for life; the court saying:

"The direction for accumulation being void, but the income having been * * * accumulated during the minority of Austin J. Moore, Jr., the amount of $27,000, the question arises as to the persons entitled to the accumulated fund. We are of the opinion that the rents and profits, illegally directed to be accumulated, belong to Austin D. Moore, Jr., from whose share in the estate of the testator they were derived. The direction for accumulation being void, it must be treated as stricken out of the will. Williams v. Williams, 8 N. Y. 538. There then remains a plain devise of an equitable life estate to Austin D. Moore, Jr., in the share given to him, which would carry all the accruing rents and profits."

To the same effect is Matter of Hoyt, 116 App. Div. 217, 101 N. Y. Supp. 557, affirmed 189 N. Y. 511, 81 N. E. 1166. In that case it was said:

"The direction to accumulate in this will can be stricken out, and there then still remains a valid disposition of the rents and profits. The testator gave the fund to the trustees to collect the income from each and every part of it" and "to apply the entire income to the use of his daughter. He also clothed them with power, in their discretion, * * * to accumulate it, and, if they did so, he gave it to the remainderman. The authority, as we have seen, to accumulate, is void; but the authority to pay the entire income to the daughter is nevertheless valid and enforceable. If this be true, then the daughter was entitled to the entire income, and whatever had accrued at the time she died passed to her representatives. This conclusion, it seems to me, necessarily follows from the rule laid down in Pray v. Hegeman, 92 N. Y. 508, and Barbour v. De Forest, 95 N. Y. 13."

[3] The appellant, who is the remainderman, claims that the stock in question should be awarded to him as the person presumptively entitled to the next eventual estate. Such a disposition, however, is to be made only when the will contains no other direction as to the disposition of the income. This distinction is well illustrated by the authorities cited by the respondent in support of his contention. In United States Trust Company v. Soher, 178 N. Y. 442, 70 N. E. 970, the will gave to the cestuis que trust specific and definite sums as income. The fund produced more income than was required to pay these annuities, and the question was what disposition should be made of the income. It could not lawfully be accumulated, nor could it be paid to the cestuis que trust, for if it had been they would receive larger incomes than was provided for them. It was under these cir-

cumstances that it was held that the surplus income should be paid to the presumptive owner of the next eventual estate. So, also, in St. John v. Andrews Institute, 191 N. Y. 279, 83 N. E. 981, 14 Ann. Cas. 708, the testator set apart a fund for the benefit of a charitable corporation to be created after his death. There was some delay in the incorporation of the charity, and the question considered was as to the disposition of income which accrued between the death of the testator and incorporation of the charity. That clearly was undisposed of, and was held to belong to the presumptive owner of the next eventual estate. No such case is presented here. By the will the widow was given the whole income, and she is entitled to receive all of it which the testator did not validly provide should be otherwise disposed of. The codicil was valid as to capital, and invalid and wholly inoperative as to income, and the disposition of so much of the stock dividends as represent income was not affected thereby.

The decree appealed from must be affirmed, with costs. All concur.