DORA L. MORRIS, Appellant, *v.* ARTHUR J. MORRIS et al., as Trustees, Respondents.

(Submitted October 16, 1936; decided November 24, 1936.)

*Lloyd F. Thanhouser* for appellant.

*James A. Bancroft* for respondents.

*Robert H. Jackson, Assistant Attorney-General (Sewell Key* and *Helen R. Carloss* of counsel), for Commissioner of Internal Revenue of the United States, *amicus curiæ.*

CRANE, Ch. J. The Personal Property Law (Cons. Laws, ch. 41), article 2, section 16, reads:

" An accumulation of the income of personal property, directed by any instrument sufficient in law to pass such property is valid:

" 1. If directed to commence from the date of the instrument, or the death of the person executing the same, and to be made for the benefit of one or more minors, then in being, or in being at such death, and to terminate at or before the expiration of their minority. * * *

" 3. All other directions for the accumulation of the income of personal property, not authorized by statute, are void. In either case mentioned in subdivisions one and two of this section a direction for any such accumulation for a longer term than the minority of the persons intended to be benefited thereby, has the same effect as if limited to the minority of such persons, and is void as respects the time beyond such minority."

Thus a direction in a trust to accumulate income during the minority of an infant and at majority to pay the accumulation to any other person than the infant is void.

By a written instrument which became effective January 1, 1925, a trust was created by Arthur J. Morris of New York in behalf of his daughter, the plaintiff, Dora Lyons Morris. The instrument created five separate trusts for the benefit of Morris' wife, and his four daughters, but we have only one of these trusts presented to us in this case. Paragraph first of said trust instrument reads in part as follows:

" First. * * * the Donor, Arthur J. Morris, * * * has granted, assigned, transferred, set over and delivered * * * unto the Trustees, H. F. Stevenson and A. J. Morris * * * all bonds, shares of capital stock, securities and all other property mentioned and described in the Schedule hereto annexed * * *.

" To have and to hold the same and each and every part thereof in trust to receive all the income thereof and after paying therefrom all lawful charges and expenses

* * * to pay or apply the net income or such part
thereof as the Trustees may determine upon, from such
trust estate arising each year in substantially equal
monthly instalments, or in such other instalments as may
be deemed advisable by the Trustees or their successors,
to or for the benefit of Dora Lyons Morris, daughter
of the Donor, during her life or until January 1, 1930.
And upon the death of said Dora Lyons Morris, or on
January 1, 1930, whichever sooner occurs, to pay over
the principal of said trust estate as it shall then exist
with all gains and increase of capital, if any, in fee simple
to the Donor, if he is living. But if Donor be not living
* * * to continue to hold said trust estate in trust
to receive all the income thereof and after paying there-
from all lawful expenses * * * to pay or apply the
net income thereof, or such part thereof as the Trustees
may determine upon, arising each year, in substantially
equal monthly instalments, or in such other instalments
as may be deemed advisable by the Trustees or their
successors, to or for the benefit of said Dora Lyons
Morris until she attains the age of twenty-five years;
upon the said Dora Lyons Morris attaining the age of
twenty-five years, the said Trustees shall pay over said
estate as it shall then exist with all gains or. increases
in capital, if any, in fee simple and absolutely to the said
Dora Lyons Morris."

Paragraph third follows:

" *Third.* In making payment or application of the
income arising from the said trust estate, or any part
thereof, the Trustees or their successors shall not be
required to retain therefrom or otherwise to set up or
maintain any fund or reserve for the amortization of
losses * * * and the Trustees or their successors are
hereby authorized, directed and empowered to pay or
apply to or for the benefit of such person or persons as may
at the time be entitled to the benefit of the income arising
from the said trust, the entire net income arising there-
from without retaining therefrom or otherwise setting up

or maintaining any such fund or reserve for amortization. But nothing herein shall prevent the said Trustees from paying out to the beneficiaries herein contemplated only part of said income and accumulating the balance for the purpose of increasing the principal of said trust fund in such manner and in such amounts as to the Trustees may seem proper.''

The plaintiff was a minor when her trust estate was created, but she attained her majority in September of 1929. She at all times resided with her father, the defendant Arthur J. Morris, and was not dependent upon the income from her trust estate for maintenance, education or support. The total income received during the calendar years 1925 and 1926 upon the securities held by the defendant-trustees for the plaintiff's benefit was $9,616.50, but only $5,507.53 of that amount was paid over or applied to or for her account. The total balance of said income, to wit, $4,108.97, still remains in the hands of the defendants, and it has been withheld and accumulated by them in their discretion, for the purpose of increasing the principal of the trust estate. The plaintiff has demanded of the defendants that they pay over to her this $4,108.97 of income received by them from her trust estate, but they have declined to do so.

By the above instrument of trust Arthur J. Morris gave the income of the principal to his daughter until January, 1932. (The trust had been extended to that date.) At that time, or in case she died before then, the principal with all gains and increase in capital, if any, was to be paid over to him, the donor and the creator of the trust.

By the last sentence of paragraph three the trustees were permitted to accumulate the income to increase the principal. This was illegal and void as contrary to the provisions of the Personal Property Law, above quoted. The trust, to receive and pay over the income from the principal to the daughter until January of 1932 or until her death, if she died before then, was perfectly good, but

the direction or permission to accumulate income for the benefit of the donor or the creator of the trust was void, as contrary to the specific provisions of the above statute. The fact, however, that this suggestion or permission for accumulation is illegal, does not render the entire trust void. The part still remains which gives the income to the daughter for her life or until January, 1932. The income was hers; it has been given to her by express words in the instrument; only the permission given to the trustees to accumulate a portion of this income for the benefit of the donor is void. This can be excised or eliminated from the instrument without in any way affecting that provision which gives the income to the daughter.

Courts should adopt a construction of an instrument which will render its provisions valid rather than one which will render them invalid. (*Matter of Hoyt,* 116 App. Div. 217; affd. unanimously, 189 N. Y. 511.) This case, frequently cited and followed, is directly in point. A large sum of money was left in trust, the income to be applied for the use of a daughter during her natural life, to promote her convenience and comfort and " as the same shall be required for her use and benefit." (p. 218.) Any surplus of the income not applied to her use was given upon the death of the daughter to certain persons named. Reversing the Surrogate the Appellate Division held that the income belonged to the daughter and that the accumulation belonged to her executor, and did not pass under the provisions of the will to the remaindermen therein named.

The Appellate Division said: " The construction adopted by the surrogate is one which imputes to the testator an intent to make an illegal disposition of a portion of his property, which is not to be presumed." (p. 219.) Referring to the direction to pay over accumulations to the person named, the court said: " This provision, however, is inconsistent with the prior provision, and I cannot believe that the words thus used were

intended to qualify or destroy the prior provision, giving the entire income to the daughter, by lodging in the trustees a discretion as to what income, if any, should be devoted to her use; on the contrary, it seems to me the only discretion lodged in the trustees, construing both provisions together, was the method of payment, and not the amount to be paid.  *  *  *  If it be assumed that the intent of the testator was to give the remaindermen the surplus income which the trustees determined was not necessary for the use of the daughter, then the gift is invalid as involving an unlawful accumulation.  The statute limits the accumulation of income to the period of minority.  (1 R. S. 726, §§ 37, 38.)  If it be true, as contended by the respondents, that the testator intended to lodge in his trustees a discretion as to the amount of income to be applied to his daughter's use, then this necessarily clothed them with authority to accumulate the residue (*Cochrane* v. *Schell*, 140 N. Y. 516), which authority could not be enforced inasmuch as it contravenes the provisions of the statute with reference to accumulations.  *  *  *  The authority, as we have seen, to accumulate is void but the authority to pay the entire income to the daughter is nevertheless valid and enforcible."  (pp. 220, 221, 222.)

The courts below have given the accumulated income to Arthur J. Morris, the creator of the trust, in effect carrying out the provisions of the trust instrument which permitted the accumulations to be paid over to him. This, as we have seen, is in violation of law.  The courts reached this result by applying section 63 of the Real Property Law (Cons. Laws, ch. 50) which in our judgment has no application to these facts.  That section reads: " When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate."

As the father, creator of this trust, would be entitled to the next eventual estate as the heir or next of kin of his daughter, the decision below has given him this accumulation, rendering section 16 of the Personal Property Law of no effect. The door is thus opened for a possible and probable evasion of these wise provisions against accumulations for the benefit of adults. Section 63 of the Real Property Law has no application because there is no time in this trust " during the continuance of which the rents and profits are undisposed of *and* no valid direction for their accumulation is given."

The income, called in this Real Property Law rents and profits, is given to the daughter, and the accumulation is good during the infancy of the daughter if payable to her.

The holding in *Chemical Bank & Trust Co.* v. *Streat* (263 N. Y. 159) is not in conflict with anything here stated. In that case we held that there was no gift of income to the beneficiary and no intent to pass the income to her. The settlor in that case reserved the right to receive and retain any and all the income from the securities constituting the trust fund and to revoke the agreement at any time. In the opinion we called attention to this fact by saying: " The right retained by the settlor to receive the income under certain conditions prevents the conclusion that the gift was absolute." (p. 164.) In that case we were passing upon the sufficiency of the evidence to support the finding of the Appellate Division that the purpose in executing the deed of trust was not to increase the beneficiary's income but was to insure her against the loss of income in case she should be unable to collect the income from her own property. Certain conditions had to exist before the beneficiary would be entitled to any income. The *Chemical Bank & Trust Co.* case has no bearing upon such facts as we have here nor does it modify in any way the rule laid down in the *Hoyt* case.

The law still is that a direction for accumulation being void may be treated as stricken out of the trust pro-

visions. (*Williams* v. *Williams*, 8 N. Y. 525, 538; *Matter of Megrue*, 170 App. Div. 653; affd., 217 N. Y. 623.) It will be noted that the donor in this trust agreement does not direct or command any accumulation. At most he permits it. When he states that at the termination of the trust the principal with all gains and increase of capital shall be paid over to him he has no reference whatever to accumulations. These words have reference to the increase in the value of the securities, not by adding to their value the income. True it is that in paragraph third he says the trustees may accumulate part of the income " for the purpose of increasing the principal of said trust fund in such manner and in such amounts as to the Trustees may seem proper." We have no reason to assume that the trustees would deem it proper to accumulate income in direct violation of the statute, but even if we should, these are the words which can readily be stricken from the instrument, leaving the provisions of paragraph first in full force and effect. This paragraph gives the income to the beneficiary and the principal at the termination of the trust to the donor.

According to the third subdivision of section 16 of the Personal Property Law, above quoted, the trustees could have legally accumulated the income until the plaintiff became twenty-one years of age. If an accumulation be permitted or directed by a will or trust instrument it must be presumed to have been made in contemplation of the provisions of the statute. In permitting the trustees in their discretion to pay all or a part of the income to Dora Lyons Morris the accumulation as it occurred from year to year would be undisposed of. It could not be turned over to the father or to the person presumptively entitled to the next eventual estate. The income accumulated when the infant was seventeen, eighteen or nineteen years of age could by the provisions of the trust instrument be paid to her or for her benefit any time before she became twenty-one. Therefore, at no time prior to the arrival of Dora at the age of twenty-one was the

accumulation illegal. The words of the instrument are to pay the net income or such part thereof as the trustees may determine upon in monthly instalments " or in such other instalments as may be deemed advisable by the trustees " during the life of the daughter. The payment of the income, therefore, could have been made at any time in whole or in part before Dora arrived at twenty-one. But such an accumulation, says the statute, can only be made for the benefit of the infant, and when we once begin accumulating, and such accumulation for a period of years is legal, then the accumulation must be disposed of as the statute directs, that is, it must be paid to the infant.

To construe this instrument as meaning that if the trustees had not paid out all of the income in any one month or year they could not pay the balance in the next month or year would be an absurdity and contrary to the very directions of the instrument. Therefore, the accumulation of income or unpaid balances during the minority of the infant, being perfectly legal and for her benefit, the statute steps in and says you cannot give the income which has thus been lawfully accumulated, to an adult, whether you do it directly or indirectly. It must go to the infant because she is the only one for whose benefit such an accumulation can be made. To hold otherwise we would have to wipe out the entire trust for the infant or so narrow it as to reverse the donor's intentions.

In *Smith* v. *Parsons* (146 N. Y. 116, 121) this court said: " * * * we are also of opinion that it is the policy of the statute permitting the accumulations of personal property for the benefit of a minor (1 R. S. 773, § 3) that they should vest in the infant beneficially when received, and it is only payment over that is postponed until the expiration of the minority." (*Matter of Kirby*, 254 N. Y. 624; 228 App. Div. 640; 133 Misc. Rep. 152; *Smith* v. *Campbell*, 75 Hun, 155, 159.)

For cases bearing upon the question of accumulation, see *Pray* v. *Hegeman* (92 N. Y. 508); *Barbour* v. *De Forest* (95 N. Y. 13); *Crawford* v. *Dexter* (178 App. Div. 764; affd., 224 N. Y. 586); *Matter of Megrue* (170 App. Div. 653; affd., 217 N. Y. 623); *Bloodgood* v. *Lewis* (209 N. Y. 95); *Curtis* v. *Curtis* (184 App. Div. 274). The income of $4,108.97 accumulated by the trustees during the infancy of Dora Lyons Morris belongs to her.

The judgment of the Appellate Division should be reversed, and judgment directed for the plaintiff, without costs.

LEHMAN, O'BRIEN, HUBBS, CROUCH, LOUGHRAN and FINCH, JJ., concur.

Judgment reversed, etc.