JESSICA L. HAWTHORNE et al., as Agents of the Court to Execute a Trust, Appellants, *v.* GEORGE C. SMITH, JR., et al., as Executors of ORMOND G. SMITH, Deceased, et al., Respondents.

Argued January 25, 1937; decided March 9, 1937.

*Max J. Rubin, Frank E. Karelsen, Jr.,* and *Frederick Baum* for appellants. The trust indenture provides for a valid disposition of the entire net income to the infant beneficiary. Section 63 of the Real Property Law (Cons.

Laws, ch. 50) is, therefore, inapplicable and appellants are entitled to an accounting on the basis that title to the entire trust income vested in their beneficiary subject to the trustee's power to apply income as he deemed wise during the beneficiary's minority. (*Morris* v. *Morris,* 272 N. Y. 110; *Matter of Hoyt,* 116 App. Div. 217; 189 N. Y. 511; *Crawford* v. *Dexter,* 178 App. Div. 764; 224 N. Y. 586; *Hill* v. *Guaranty Trust Co.,* 163 App. Div. 374.) During the minority of the infant beneficiary the trust provision for accumulation of the income is lawful, for the accumulation could all be expended for the infant. The accumulation being lawful and enforceable during minority, section 16 of the Personal Property Law (Cons. Laws, ch. 41) requires that at the infant's majority it be paid not to an adult, but to the infant beneficiary. Section 63 of the Real Property Law is, therefore, inapplicable for this reason and appellants are entitled to an accounting on the basis that title to the entire trust income vested in their beneficiary, subject to the trustee's power to apply income as he deemed wise during the beneficiary's minority. (*Morris* v. *Morris,* 272 N. Y. 110.) The settlor's valid direction as to the disposition of trust income during the trust period is frustrated under the decision of the courts below, but is effectuated under appellants' construction. (*Manice* v. *Manice,* 43 N. Y. 303; *Matter of Hoffman,* 201 N. Y. 247; *Morris* v. *Sickly,* 133 N. Y. 456.)

*Lester S. Holmes* and *Patrick M. Casey* for George C. Smith, Jr., et al., as executors, et al., respondents. The clear and unambiguous intention of the settlor, as gathered from the specific terms and the whole tenor of the instrument, is that she did not make a present unqualified gift of the large surplus income she anticipated to her son. (*Herzog* v. *T. G. & T. Co.,* 177 N. Y. 86; *Cent. Tr. Co.* v. *Egleston,* 185 N. Y. 23; *Matter of Tamargo,* 220 N. Y. 225; *McDermott* v. *Lawyers Mtg. Co.,* 232 N. Y. 336; *Donovan* v. *Van De Mark,* 78 N. Y. 244; *Smith* v. *Van Nostrand,*

64 N. Y. 278; *Matter of Stevens,* 241 App. Div. 490; 265
N. Y. 524; *Matter of McCormick,* 22 Misc. Rep. 309;
40 App. Div. 73; 163 N. Y. 551; *New York Trust Co.* v.
*Black,* 178 App. Div. 4; 223 N. Y. 703; *Matter of Shea,*
234 App. Div. 176; *Van Kleeck* v. *Dutch Reformed Church,*
20 Wend. 437; *Van Nostrand* v. *Moore,* 52 N. Y. 12;
*Matter of Hoyt,* 160 N. Y. 607; *Cochrane* v. *Schell,* 140
N. Y. 516; *Delaney* v. *Van Aulen,* 84 N. Y. 16; *Woodruff*
v. *Woodruff,* 54 App. Div. 414; *Sherman* v. *Skuse,* 166
N. Y. 345.) The construction which appellants urge
would not only defeat but would actually reverse the
settlor's intention. (*Matter of T. G. & T. Co.,* 195 N. Y.
344; *First Nat. B. & Tr. Co.* v. *Palmer,* 261 N. Y. 13;
*Central Tr. Co.* v. *Egleston,* 185 N. Y. 23; *Matter of Durand,*
250 N. Y. 45; *Matter of Lyons,* 271 N. Y. 204; *Matter of
Horner,* 237 N. Y. 489; *Bailey* v. *Buffalo L., T. & S. D.
Co.,* 213 N. Y. 525.) The expressed intention of the
settlor cannot be carried out legally; the unexpended
income was not legally disposed of and no valid direction
for its accumulation was given; it passed under the statute
to the persons presumptively entitled to the next eventual
estate. (*Cochrane* v. *Schell,* 140 N. Y. 516; *Matter of
Durand,* 250 N. Y. 45; *Manice* v. *Manice,* 43 N. Y. 303;
*Matter of Harteau,* 204 N. Y. 292; *People ex rel. Kirkman*
v. *Van Amringe,* 266 N. Y. 277; *Kilpatrick* v. *Johnson,* 15
N. Y. 322; *Craig* v. *Craig,* 3 Barb. Ch. 78; *United States
Trust Co.* v. *Soher,* 178 N. Y. 442; *Matter of Van Doren,*
77 Misc. Rep. 44; *Matter of Murphy,* 213 App. Div. 319.)

*William Huck, Jr.,* and *Paul McDermott* for Street &
Smith Publications, Inc., respondent. There is no
evidence to support any judgment against the respondent
corporation. (*Merchants Nat. Bank* v. *Clark,* 139 N. Y.
314; *Corrigan* v. *Bobbs-Merrill Co.,* 228 N. Y. 58; *Bank
of United States* v. *Davis,* 2 Hill, 463; *President, etc.,* v.
v. *Cornen,* 37 N. Y. 320; *Casco Nat. Bank* v. *Clark,* 139
N. Y. 307; *Atlantic State Bank* v. *Savery,* 82 N. Y. 291.)

LEHMAN, J. In December, 1921, Grace H. Smith and her husband, Ormond G. Smith, executed a trust indenture which provided:

" Whereas, the said Grace H. Smith is the owner and holder of the following securities, to wit: Five thousand eight hundred and thirty-five (5835) shares of stock of Street & Smith, Incorporated, and

" Whereas, the said Grace H. Smith is desirous of making a provision and settlement for the benefit of her son Gerald Hewitt Smith, now a minor, by the conveyance in trust of the property above mentioned, subject, however, to the trust and powers herein contained,

" Now this indenture witnesseth,

" That said Grace H. Smith, in consideration of One Dollar and other good and valuable considerations, the receipt whereof by Ormond G. Smith is hereby acknowledged, does hereby sell, assign, transfer and set over unto the party of the second part, his successor or successors, the said Five thousand eight hundred and thirty-five (5835) shares of stock of the said above named corporation, in trust, nevertheless, to hold, invest and reinvest the principal thereof; to collect the income and profits therefrom and to expend on behalf of the said Gerald Hewitt Smith, for his care, maintenance, travel, education and general benefit the whole or such portion of the net yearly income therefrom as in the judgment of the said trustee shall be wise and expedient, until he shall arrive at the age of twenty-one years."

The indenture further provided that upon the arrival of the said Gerald H. Smith at the age of twenty-one years the " principal of said trust herein created, *together with all accumulations and unexpended and undistributed income* " should be paid over to Ormond G. Smith, or if at that time the said Ormond G. Smith should be dead, to Grace H. Smith or her estate.

In 1921, when the trust indenture was executed, Gerald H. Smith, the settlor's son, for whom the trust was

created, was nine years old and was living with his parents, Ormond G. Smith and Grace H. Smith. They enjoyed a large income and out of that income paid the expenses of the home and for the care and education of their son. Grace H. Smith died on January 13, 1923, leaving a last will and testament executed on the same day as the trust indenture. In that will she provided that all her property should go to her husband, Ormond G. Smith, and named him as her sole executor. Ormond G. Smith died on April 17, 1933. Until his death he used none of the income of the trust fund for the benefit of his son, and the court has found upon unchallenged evidence that he, personally, " fully and completely provided for the care, maintenance, travel, education and general benefit of his said son and maintained him in the luxury and comfort which great wealth made possible."

The trust terminated when Gerald H. Smith arrived at the age of twenty-one years, six months after the death of his father, Ormond G. Smith. In the interval no trustee was appointed to carry out the provisions of the trust. Gerald H. Smith was the sole heir at law and next of kin of his father, Ormond G. Smith, and under the will of his father the entire residuary estate of his father, of the value of approximately $3,000,000, is held in trust for Gerald H. Smith, the principal to be paid in the future either to him or to his issue.

There has never been any accounting by Ormond G. Smith as trustee under the trust indenture, or by the executors of his estate. The plaintiffs were appointed agents of the Supreme Court to execute the trust with power expressly conferred upon them " to recover from and/or to require an accounting from the person or persons, corporation or corporations having possession and control of the assets constituting the principal and/or income of said trust, all or any of said assets." Accordingly the plaintiffs have demanded that the principal of the trust and all the income derived therefrom be paid

over to them and have brought this action to compel the executors under the last will and testament of Ormond G. Smith to make and file an account. They ask also incidental relief against the corporate defendants. The complaint has been dismissed on the ground that at the termination of the trust, all the principal and the unexpended income of the trust fund belongs to the estate of Ormond G. Smith, and that it would be a futile thing for the executors of the estate to account for moneys to which they alone are entitled.

If the courts can give effect to the intention of the settlor embodied in the provisions of the trust indenture, there can be no doubt that the estate of the deceased trustee is entitled to the principal of the trust fund, together with the income derived therefrom during the trust period. In plain terms the settlor so provided. Though the settlor created a trust in the stock for the benefit of her son and provided that until the beneficiary of the trust arrived at the age of twenty-one years, the trustee *might* expend the *whole* net yearly income therefrom " for his care, maintenance, travel, education and general benefit," yet she left to the trustee full discretion as to whether he should expend the whole of the income for that purpose or only such portion of the income as in his judgment " shall be wise and expedient." She did not provide, as she might have done, that the unexpended income should belong to the beneficiary as it accrued, nor did she provide, as she might have done, that the unexpended income should be accumulated for the benefit of her infant son during his minority, to be paid over to the beneficiary when he arrived at the age of twenty-one years. She provided, on the contrary, that unexpended income, if any, should be accumulated until the termination of the trust and that such accumulated and unexpended income should then be paid to her husband, or to herself or to her estate as the case might be, in accordance with contingencies set forth in the indenture.

A direction for the accumulation of income, unless for the benefit of one or more minors, is invalid under the provisions of section 16 of the Personal Property Law (Cons. Laws, ch. 41), formerly 1 Revised Statutes (1st ed.), p. 726, sections 37 and 38. To the extent then that the indenture provides that the trustee may accumulate unexpended income for the benefit of adults and directs that at the termination of the trust such accumulated income shall be paid with the principal to the adult remainderman, the indenture is invalid. That invalidity does not, however, affect the other provisions of the trust indenture. "The statute contemplates that there may be an unlawful direction for accumulation contained in a will or other instrument, but it applies the remedy. It makes the direction void. (1 Rev. St. 726, § 38.) It does not avoid the instrument containing the unlawful direction, although this would be the consequence if it subserved no purpose except to provide for the unlawful accumulation. But limitations of the estate, not depending upon the unlawful accumulations, are unaffected. * * * The surplus income to which the unlawful direction relates, will pass under the rules of the common law, or under section 40 of the statute. (1 Rev. St. 726, § 40.) In this way the purpose of the statute limiting accumulations is effected, and a testator has no motive to transgress its provisions." (*Cochrane* v. *Schell,* 140 N. Y. 516, 535.)

We apply the law as laid down in that opinion to the facts in this case. Section 63 of the Real Property Law (Cons. Laws, ch. 50) (derived from 1 Rev. St. [1st ed.] p. 726, § 40) provides that: "When, in consequence of a valid limitation of an expectant estate, there is a suspension of the power of alienation, or of the ownership, during the continuance of which the rents and profits are undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate." The courts below have held that since the direction to accumu-

late unexpended income and to pay the accumulations to another person than the infant beneficiary is void, such unexpended income belongs to the " person presumptively entitled to the next eventual estate," and in this case must be paid to the estate of Ormond G. Smith. Thus the courts have held that by operation of law, through application of the provisions of section 63 of the Real Property Law, the accumulated income belongs to the person to whom the settlor directed it should be paid, though the statute declares that such direction is void. Though the courts below have used the formula approved in *Cochrane* v. *Schell* (*supra*), the result is entirely different. In that case the court could truly say that " in this way the purpose of the statute limiting accumulations is effected, and a testator has no motive to transgress its provisions." In the instant case it appears that in this way the purpose of the statute limiting accumulations is thwarted and the settlor's intentions to transgress its provisions have been made effective.

In testing the correctness of the result, we must bear in mind that the prohibition of section 16 of the Personal Property Law is directed against the *accumulation* of income except for the benefit of a minor. Invalidity arises at the moment when the direction to *accumulate* is intended to take effect; it is not postponed till the time comes for distribution of the accumulation. Accordingly the application of section 63 is limited to the disposition of income where " the rents and profits are undisposed of, *and* no valid direction for their accumulation is given." In this case, then, the primary question is whether the trust indenture contains either a valid disposition of the income of the trust fund or a valid direction for its accumulation during the minority of the beneficiary. If it does, then section 63 of the Real Property Law has no application.

The justice at Special Term has found that:

" 49. That at the time of the creation of the said trust the said Grace H. Smith must have contemplated that the

income of the said trust would be very large and must have reasonably anticipated and expected that the dividends upon the said 5,835 shares of the stock of Street & Smith, Inc., which were about to become the principal of said trust would in the future probably amount to $60,000 per annum.

" 50. That at the time of the creation of the said trust the said Grace H. Smith contemplated that the whole or a greater portion of the income of the said trust could not be wisely and expediently expended on behalf of the said Gerald H. Smith for the particular purposes specified in the trust indenture and that there would be a large surplus of unexpended income."

We accept those findings. They are fully sustained by the evidence.

In spite of the fact that the settlor " must have reasonably anticipated and expected that the dividends " upon the stock placed in trust " would in the future probably amount to $60,000 per annum " and that there would be " a large surplus of unexpended income " even after all that portion of the income which could be " wisely and expediently expended on behalf of the said Gerald H. Smith " had been used for that purpose, the settlor chose to place all the stock in trust, and not only to provide that the trustee in his discretion might expend the *whole* of the income for the benefit of the infant beneficiary, but, also, to direct, by necessary implication if not in express terms, that the surplus income, not expended in any year, should be accumulated and held for the same use and purpose during the minority of the infant and the continuance of the trust created for his benefit. The infant beneficiary would have been entitled to the entire income derived from the trust created for his benefit if the trust indenture had not provided that unexpended income should at the termination of the trust be paid to another, and then there would have been no unlawful accumulation but a valid disposition of all the " rents and profits " of the property within the meaning

of the statute. In such case the income would not pass by operation of law under section 63 of the Real Property Law " to the person presumptively entitled to the next eventual estate." (*Matter of Hoyt*, 116 App. Div. 217; affd., 189 N. Y. 511.) Again, though there is no present gift of the unexpended income of the trust fund, the settlor might have made a valid direction for accumulation of that income, during the minority of the infant and for his benefit. Invalidity then in this case is due only to the settlor's direction that the accumulated income which was not expended during the minority of the infant beneficiary should belong to another at the termination of the trust. (Cf. *Morris* v. *Morris*, 272 N. Y. 110.)

It cannot be doubted that in creating the trust and directing that the trustee might expend the *whole* income for the benefit of the settlor's son and in directing that the unexpended income should be held and accumulated during the infancy of the beneficiary, the primary purpose of the settlor was to provide for and benefit the infant beneficiary. The settlor so stated in the indenture. Indeed, if the primary purpose of the settlor in creating the trust and providing for the accumulation of unexpended income was not to benefit the settlor's infant son, the validity of the entire trust might, perhaps, be subject to challenge. (Cf. *Cochrane* v. *Schell, supra.*) We may not impute an unlawful purpose to the settlor. (*Matter of Hoyt, supra; Morris* v. *Morris, supra.*)

If it is possible to sever the lawful from the unlawful, the primary lawful purpose of the settlor should not be thwarted because it is combined with an unlawful direction. It may be well, at this point, to sum up the factors which enter into the problem. The settlor placed her stock in trust during the minority of her son in order that at any time during the continuance of the trust the trustee might expend for the benefit of the minor the whole income derived from the stock or such part thereof as the trustee might deem wise and expedient. No part of the income might during the minority of the beneficiary be used for any other purpose. No other person might

during the minority derive benefit from the income so accumulated. The direction, express or implied, for the accumulation of income was limited to the income which the trustee had not yet expended for the infant. The purpose of the direction was to enable the trustee to hold and accumulate the unexpended income in order that he might expend it for the infant thereafter if he thought such expenditure wise and expedient. The attempted gifts, to take effect when the trust ceased, of the unexpended income, if any, which had been accumulated during the minority of the beneficiary of the trust was, of course, intended to benefit the person who would receive the gift; but the direction to hold and accumulate unexpended income so that it might be expended for the benefit of the infant if the trustee thought such expenditure " wise and expedient " was certainly not intended.

Except for that attempted gift the infant beneficiary would under the terms of the trust have been entitled to all the unexpended income which the trustee had accumulated for his benefit. The direction to pay the accumulated dividends to a person other than the infant was a futile gesture. The law made it void and the courts may not give it effect. The other provisions of the trust indenture remain valid, and under these provisions the whole income of the trust fund passed to the trustee to be expended or held for the benefit of the minor. The courts cannot give effect to every part of the trust indenture, for in part it is invalid. By excising the unlawful direction to pay to an adult income accumulated under the trust created for the benefit of an infant, the courts can give full effect to the primary purpose of the settlor in establishing a trust for the benefit of her infant son, and in providing that the *whole* income derived from the trust property should be held by the trustee in order that he might use the whole or any portion thereof which he thought wise or expedient. As in *Cochrane* v. *Schell* (*supra*), in this way the purpose of the statute limiting accumulation is effected and the " settlor " has no motive to transgress its provisions. The settlor has plainly indi-

cated that the infant should have the full benefit of all the income derived from the stock *except* in so far as, by gift to take effect when the infant arrives at the age of twenty-one, the settlor attempted to transfer to the remainderman income derived from that stock, placed in trust for the benefit of the minor and which had been held and accumulated so that it might be used for the benefit of the minor. In similar circumstances we have recently held that the infant becomes the equitable owner of the entire income derived by the trustee from the trust created for the benefit of the infant and that an invalid direction to pay to another at the termination of the trust the unexpended income accumulated by the trustee during the minority of the infant beneficiary does not divest the infant of such equitable ownership. In such case section 63 of the Real Property Law has no application. The unexpended income belongs to the infant for whose benefit the trust was created and the income was collected, held and accumulated, and does not belong to the person "presumptively entitled to the next eventual estate." (*Morris* v. *Morris, supra.*)

For these reasons the complaint should not have been dismissed. The executors of the deceased trustee should be required to account for and pay over to the plaintiffs the income, but not the principal, of the trust, including therein the proper proportion of the dividends paid by the respondent, Street & Smith Publications, Inc., during the years 1930–1933. The plaintiffs have not established a cause of action against the corporate defendants, and the judgment in their favor should be affirmed. They are not necessary parties to the accounting.

The judgment should be reversed, with one bill of costs payable out of the trust fund to each party or group of parties, appearing separately, and the case remitted to the Special Term for further proceedings in accordance with this opinion.

O'BRIEN, LOUGHRAN, FINCH and RIPPEY, JJ., concur; CRANE, Ch. J., and HUBBS, J., taking no part.

Judgment accordingly.