In the Matter of the Final Judicial Settlement of the Accounts of the TOMPKINS COUNTY TRUST COMPANY (Formerly Known as ITHACA TRUST COMPANY), as Trustee under the Will of WILLIAM GRANT EGBERT, Deceased.

GLADYS E. HUNT, Appellant; WILLIAM GRANT EGBERT, JR., Respondent; TOMPKINS COUNTY TRUST COMPANY, as Executor and Trustee of the Estate of WILLIAM GRANT EGBERT, Deceased, Petitioner, Respondent.

Third Department, July 11, 1939.

*Abbott, Rippey & Hutchens*, attorneys [*Harold G. Hutchens* of counsel], for the appellant.

*Allan H. Treman,* for the petitioner, respondent.

*D. Boardman Lee,* for the respondent William Grant Egbert, Jr.

HILL, P. J. Appeal from a decree of the Tompkins County Surrogate's Court, directing the distribution of the corpus and accrued income at the termination of the estate for years, under the following: " I give, devise and bequeath all the rest, residue and remainder of my estate unto my executor hereinafter named, in trust nevertheless, to hold, manage and invest and use the use, interest and income thereof or so much thereof as may be necessary, to pay for the support, maintenance and education of my son William Grant Egbert, Jr., until he shall reach the age of twenty-two years, then I direct that the said residue be divided equally between my daughter Gladys Beller and my said son William Grant Egbert, Jr., absolutely."

William became twenty-two years of age on May 14, 1938, at which time there remained $14,928.36 of corpus and $3,259.14 of accrued income, after paying allowances on final accounting. The decree directed that the income earned and received after the twenty-second birthday of William be equally divided between him and his sister Gladys.

It is contended by Gladys that she is entitled to one-half of the income earned but not expended for the support, maintenance and education of William before he became twenty-two years of age. The will contains no direction to accumulate the income not expended for William's support, but should such an intention be drawn from the language, it would be an illegal accumulation at least during the year following William's twenty-first birthday. William is entitled to receive all the income earned before his twenty-second birthday as determined by the Surrogate's Court. (*Morris* v. *Morris,* 272 N. Y. 110; *Hawthorne* v. *Smith,* 273 id. 291; *Matter of Hoyt,* 116 App. Div. 217; affd., 189 N. Y. 511.)

The assets consist of a violin of the agreed value of $200, which Gladys desires as a part of her share, and a promissory note for $18,187.50, of which the Ithaca College of Music is the maker. By consent, the decree directs a distribution in kind, by the giving of new notes by the college to the distributees and the surrender of the note now payable to the trustee.

The decree should be affirmed, with costs to the respondent William Grant Egbert, Jr., payable out of the estate.

CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Decree affirmed, with costs to the respondent William Grant Egbert, Jr., payable out of the estate.