Anthony P. Savarese, S.
In this accounting by the legal representatives of the deceased executors and trustees under the will of Emma Dantzscher, petitioners seek instructions as to the disposition of the corpus of the residuary trust.
Emma Dantzscher died on August 18, 1942. She was survived by her husband, Frederick 0. Dantzscher, by her son Walter F. Dantzscher, and by six grandchildren. A seventh grandchild of the testatrix was born after her death.
Paragraph ‘ ‘ Third ’ ’ of the will of Emma Dantzscher created a trust and provided for the distribution of the income thereof during the life of testatrix’ son, Walter F. Dantzscher. The corpus of this residuary trust was further bequeathed and *444 devised by subparagraph “0” as follows: “ C. Upon the death of my son Walter F. Dantzscher, to keep the residue of my estate invested in good securities until the youngest grandchild shall have attained the age of twenty-five years, at which time, my Executors and Trustees are directed to divide the estate together with all accumulations thereon among such of my grandchildren as may then be living, equally, share and share alike.”
The continuance of the trust ‘ until the youngest grandchild shall attain the age of twenty-five years ” does not violate the rule against perpetuities. The quoted words are construed to mean until the youngest grandchild, in being at decedent’s death, shall attain the age of 25 years or sooner die. However, the trust is invalid because its sole purpose is the accumulation of income for the benefit of a group of persons some of whom are not minors. (Real Property Law, § 61; Personal Property Law, § 16; Hawthorne v. Smith, 273 N. Y. 291, 298; Equitable Trust Co. v. Miller, 197 App. Div. 391, affd. 233 N. Y. 650.)
There remains the question of the disposition of the corpus which has become of present concern since Walter F. Dantzscher, the life beneficiary, died on July 12, 1956. Testatrix gave the remainder to such of her grandchildren as were living upon the attainment by “ the youngest grandchild ” of the age of 25 years. Since the court has construed ‘ ‘ youngest grandchild ’ ’ to refer to the youngest grandchild in being at the death of the testatrix, the gift of the remainder is valid. However, the identities of the remaindermen being unascertainable until the point in time by the testatrix, the remainder is contingent and may not be accelerated. (Matter of von Isenburg, 306 N. Y. 847; Matter of Silsby, 229 N. Y. 396; Matter of Byrnes, 149 Misc. 449.) Accordingly the corpus will be held by the administrators c. t. a. to be appointed as hereinafter directed, and the income will be paid to those presumptively entitled to the next eventual estate, testatrix’ seven living grandchildren. (Beal Property Law, § 63.)
Since there is no further trust, there is no need for a substitute trustee. The fund may be held until the time for distribution arrives by administrators with the will annexed. Letters of administration with the will annexed will be issued to the petitioners upon their filing a bond in the sum of $50,000 and otherwise qualifying according to law. An intermediate order for this purpose, and for the purpose of construing the will in accordance with this opinion, may be settled on notice.
This matter is set down for hearing on the objections filed by the special guardian on November 10, 1958 at 10:00 a.m.