Robert W. Bascom, S.
Upon this accounting proceeding a question arises as to the proper disposition of $4,483.72 of accumulated income in the hands of the trustee under the will of Thomas B. Bemsen, who died November 12, 1958. The clauses of the will generating the problem, and requiring construction of their validity and effect, are the third and seventh, which dispose of the residuary estate and read as follows:
‘ ‘ third : All the rest, residue and remainder of my estate, of whatsoever name and nature, and wheresoever situated, both real *1072 and personal, I give, devise and bequeath unto my trustee, hereinafter named, to have and to hold the same in trust, however, to collect the income therefrom and to pay from said income unto my said wife during her lifetime, the sum of $500.00 monthly, payable semi-annually or more often, as by my trustee, may be deemed to the best interest of my said wife, and to pay in addition thereto unto my said wife so much as may be necessary for her extra ordinary medical care, support and maintenance, out of the balance, First, to pay for -the upkeep of and taxes on 3 Clark St., 1 Clark St., and my camp at Pointe du Lac, P. 2. Canada; Second, to accumulate the balance of said income to create an emergency fund of $5000.00 to pay any extra ordinary medical expenses, support and maintenance of my said wife, said fund to be reimbursed for moneys withdrawn therefrom out of income annually, if possible; Third, the balance of said income to be annually divided three ways and paid as follows: one-third (%) to my said wife, inez m. bemsen, one-third (14) to my son, thomas o. bemsen and one-third (%) to my daughter, anne b. pope. ’ ’
“seventh: Upon the death of my said wife, I direct my trustee, hereinafter named, to distribute said trust fund in the manner following, one-half thereof unto my said son, and to continue the other one-half of said trust fund paying the income therefrom -semi-annually unto my daughter, anne b. pope, during the term of her natural life, with authority to invade the principal in case of necessity and for her medical care, support and maintenance. Upon the death of my said daughter the balance to be paid to her issue then living, per stirpes and not per capita. In the event she shall die leaving no issue or descendants then living; her share of said trust fund, I give, devise and bequeath as follows: % thereof unto my grandson, thomas e. bemsen, 14 unto my grand daughter, nancy ann bemsen, and 14 Tm-t0 my grand daughter, kathebine hawkins bemsen, or their respective issue, should they predecease my said daughter.”
Testator’s widow, Inez M. Remsen, died February 24, 1962 and the respondent Doris M. Billard is residuary legatee under her will, of which the accounting trustee here is also executor.
Testator having died prior to September 1,1959, the direction in the quoted third clause of the will, to accumulate a portion of income for the purpose stated, and for the benefit of the adult widow, is clearly void by the provisions of section 16 of the Personal Property Law and section 61 of the Real Property Law, as they then existed (Matter of Anderson, 35 Misc 2d 676). Such a direction for an unlawful accumulation may, however, be excised without affecting the validity of the remaining trust *1073 provisions (Williams v. Williams, 8 N. Y. 525, 538; Hascall v. King, 162 N. Y. 134; Matter of Megrue, 170 App. Div. 653, affd. 217 N. Y. 623; Morris v. Morris, 272 N. Y. 110, 118; Matter of Tousley, 205 Misc. 1053). The said clauses of the will, with the unlawful command to accumulate deleted, are therefore construed as a valid trust.
This leaves for decision the question as to the ownership of the moneys accumulated prior to the widow’s death, and as to the ultimate disposition of which it will be noted the will is entirely silent. The respondent, Doris M. Billard, makes claim to all, or at least a one-third portion of these accumulated moneys. In our view she is not entitled to the entire fund in any event. Her claim to one third thereof, on behalf of the widow’s estate, might be upheld in England under the Thellusson Act (39 & 40 Geo. III, ch. 98) or perhaps in some jurisdictions in this country, such as Illinois and Pennsylvania, where similarly prohibited accumulations go to the persons who would have been entitled thereto if there had been no accumulation provision. Generally, such income under those foreign laws goes as in intestacy (see, e.g., Eyre v. Marsden, 2 Keen 564; Pride v. Fooks, 2 Beav. 431; Weinmann’s Estate, 223 Pa. 508). The New York scheme is essentially the same except that we have gone one step further and have enacted a statute governing intestate devolution under the particular circumstances here existing. This is section 63 of the Eeal Property Law, which provides that when in consequence of a valid limitation of an expectant estate there shall be a suspense of the power of alienation or of the ownership, during the continuance of which, the rents and profits shall be undisposed of, and no valid direction for their accumulation is given, such rents and profits shall belong to the persons presumptively entitled to the next eventual estate. When these conditions prevail, as they do here, the statute applies and it is a statute of intestate devolution, because property must at all times be owned by someone, and undisposed of income, the moment it accrues, is intestate property which, were it not for section 63, would pass to testator’s distributees under the Decedent Estate Law (Matter of Shupack, 158 Misc. 873). By section 11 of the Personal Property Law, said section 63 is applicable to trusts of personal property.
The term ‘1 next eventual estate” means the estate which takes effect at the termination of the directed accumulation, whether a possessory or nonpossessory estate (Matter of Saddington, 260 App. Div. 135). The mandated accumulations were to cease on the death of testator’s widow, and the estates then taking effect were the possessory estate in one half of the *1074 corpus, of the remainderman Thomas O. Remsen, and the nonpossessory estate in the other half, of Anne E. Pope. Wherefore, they are the persons entitled to the moneys in question, in equal shares, as the conclusion is inescapable that section 63 applies, since there was an invalid direction for accumulation and a portion of the profits are undisposed of (Cochrane v. Schell, 140 N. Y. 516; Matter of Kohler, 231 N. Y. 353; Matter of Harteau, 204 N. Y. 292; Matter of Naylor, 195 Misc. 775).
To defeat the application of the statute, there must he found within the terms of the will a valid direction for the disposition of income not otherwise disposed of (Central Union Trust Co. v. Trimble, 255 N. Y. 88, 92). No such direction can be found in the will, either expressly or by implication, in addition to which, as has been pointed out, the undisposed of income was unlawfully directed to be accumulated. The respondent Billard, however, relies on Matter of Post (145 Misc. 794) and Hawthorne v. Smith (273 N. Y. 291) in support of her contention that section 63 of the Real Property Law is not applicable. Both cases are readily distinguished from the instant one and neither are in point. In Post, there was not only a finding of an intent on the part of the testator that the life beneficiary was to receive all the income, but there was no failure to dispose of the same. In Hawthorne, there was a valid, rather than an invalid, direction for accumulation during a minority, so that one of the elements for the applicability of ¡section 63 was lacking and it was held not to 'apply. The invalidity there lay in the ultimate disposition of the accumulations to one other than the infant beneficiary. The accumulations could be only for the benefit of the infant and he became the vested owner thereof as they accumulated. Thus, section 63 of the Real Property Law provides the remedy for an unlawful accumulation and section 16 of the Personal Property Law prevents an invalid disposition of a lawful accumulation.
A decree may be submitted settling the account as filed, construing the will with the void provision for accumulation deleted, and directing the payment of the moneys in question to Thomas 0. Remsen and Anne R. Pope, one half to each.